

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

MONSI LGGRKE,                                )
                                             )
            Plaintiff,                       )     **14 CV - 5 5 1 JED - FHM**
                                             )
v.                                           )     Case No.
                                             )
                                             )
DEMETRIES DEERING, KARA                      )
HUGHES, and LM GENERAL                       )     **FILED**
INSURANCE COMPANY,                           )
                                             )     SEP 1 7 2014
            Defendants.                      )
                                             )     . Phil Lombardi, Clerk
                                                   **U.S. DISTRICT COURT**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant LM General Insurance

Company ("Defendant") hereby removes the above-captioned action from the District

Court of Tulsa County, State of Oklahoma, to the United States District Court for the

Northern District of Oklahoma.  In support of this removal, Defendant states as follows:

1.      On October 16, 2013, Plaintiff Monsi L'Ggrke ("Plaintiff") commenced an

action in the District Court of Tulsa County, Oklahoma, entitled *L'Ggrke v. Deering,*

*Hughes, and Liberty Mutual Group Inc.*, as Case No. CJ-2013-4766 (the "State Court

Action").  A true copy of the state court docket sheet is attached as Exhibit 1. All

process, pleadings, and orders filed or served in the State Court Action are attached

hereto as Exhibits 2 through 27.

2.       According to the Second Amended Petition, Plaintiff is a resident of Tulsa County, Oklahoma.   Defendant LM General Insurance Company is a company organized under the laws of the State of Illinois with its principal place of business in Boston, Massachusetts.

3.       Defendant LM General Insurance Company respectfully submits that, for the purposes of diversity jurisdiction, Defendant Demetries Deering and Kara Hughes's citizenship should be disregarded.   While Defendants Deering and Hughes reside in Tulsa County, Oklahoma, the record evidence demonstrates that their continued joinder, or fraudulent retention, in this action serves only to frustrate federal jurisdiction. *See Wagoner v. Hussey Seating Co.*, 2013 U.S. Dist. LEXIS 157238, *11 (N.D. Okla. Nov. 1, 2013).

4.       The evidence in the record demonstrates that Plaintiff has failed to prosecute his case against Defendants Deering and Hughes.   Significantly, Plaintiff has not requested issuance of summons or served Defendants Deering or Hughes with the First Amended Petition or Second Amended Petition.   (*See id.*)   Neither Defendant Deering nor Defendant Hughes has ever filed an answer or motion in the state court action.   (*See* State Court Docket Sheet, attached as Exhibit 1).   Plaintiff has not served Defendants Deering or Hughes with any discovery requests, nor have Defendants Deering or Hughes served Plaintiff with discovery requests. (*See id.*).   Plaintiff has not served Defendants Deering or Hughes with any pleadings since inception of this action.

**Plaintiff's continued misjoinder of Defendants Deering and Hughes as Defendants**

**in this action is intended solely to destroy diversity.** *See Turley v. Stillwell,* 2011 U.S.

Dist. LEXIS 30278, *18 (N.D. Okla. Mar. 22, 2011) (quoting *Erdey v. American Honda Co.,*

96 F.R.D. 593, 599 (M.D. La. 1983)) ("The Court finds persuasive the rule that '[w]here

plaintiff, by his voluntary act has definitely indicated his intention to discontinue the

action as to the non-diverse defendant, plaintiff has indicated that he no longer desires

to dictate the forum and the case then becomes removable,' . . . To hold otherwise

would give plaintiffs the power to evade federal jurisdiction simply by refusing to

execute formal dismissal of a defendant.").

5.  In accordance with 28 U.S.C. § 1446(b)(1), this action has been removed within

thirty (30) days of the filing of Plaintiff's Second Amended Petition on September 2,

2014.  *See Caudill v. Ford Motor Co.,* 271 F. Supp. 2d 1324, 1328 (N.D. Okla. 2003)

(instructing that removal within the one year limitation and making fraudulent joinder

argument to federal district court is an acceptable procedure to eliminate jurisdictional

gamesmanship).

6.      The Northern District of Oklahoma includes the state judicial district in

which Plaintiff filed her Petition.

7.      This is a civil action over which this Court has original jurisdiction based

on diversity of citizenship and amount in controversy pursuant to 28 U.S.C § 1332, and

which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

8.    The Second Amended Petition asserts a cause of action for breach of an insurance contract and breach of good faith and fair dealing in the handling of a claim on an insurance policy.  The amount in controversy for each cause of action exceeds $75,000, exclusive of interest and costs.  (*See* Second Amended Petition, ¶¶ 33 and 43, attached hereto as Exhibit 22).

9.    Contemporaneous with Defendant's filing of this Notice, Defendant will serve written notice to Plaintiff's counsel of the filing, as required by 28 U.S.C. §1446(d).

10.    Defendant LM General Insurance Company shall likewise file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

## CONCLUSION

Defendant LM General Insurance Company of America respectfully requests that the State Court Action be removed from the District Court for Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma, and proceed as an action properly removed thereto.

4

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON O'CONNOR TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile
boconnor@newtonoconnor.com
lcollins@newtonoconnor.com
**ATTORNEYS FOR DEFENDANT, LM GENERAL
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
P.O. Box 1066
McAlester, OK 74848

**ATTORNEYS FOR PLAINTIFF**

William W. O'Connor

# EXHIBIT 1

# DSCN THE OKLAHOMA STATE COURTS NETWORK

www.oscn.net

Home   Courts   Court Dockets   Legal Research   Calendar   Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| MONSI LGGRKE,<br>          Plaintiff,<br>v.<br>DEMETRIES DEERING,<br>          Defendant, and<br>KARA HUGHES,<br>          Defendant, and<br>LM GENERAL INSURANCE COMPANY,<br>          Defendant. | No. CJ-2013-4766<br>(Civil relief more than $10,000:<br>NEGLIGENCE (GENERAL))<br><br>Filed: 10/16/2013<br><br>Judge: Chappelle, Carlos |

## Parties

DEERING, DEMETRIES , Defendant
HUGHES, KARA , Defendant
LGGRKE, MONSI , Plaintiff
LIBERTY MUTUAL GROUP INC. , Original Defendant (Amended)
LM GENERAL INSURANCE COMPANY , Defendant

## Attorneys

| **Attorney** | **Represented Parties** |
|---|---|
| COLLINS, LINDY H(Bar # 30579)<br>15 West Sixth Street, Suite 2700<br>Tulsa, OK 74119 | LIBERTY MUTUAL GROUP INC., |
| EDWARDS, MARK(Bar # 16570)<br>P.O. BOX 1066<br>MCALESTER, OK 74502 | LGGRKE, MONSI |
| O'CONNOR, WILLIAM W(Bar # 13200)<br>15 WEST 6TH STREET<br>SUITE 2700<br>TULSA, OK 74119 | LIBERTY MUTUAL GROUP INC., |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|
| **Thursday, February 5, 2015 at 13:30 PM**<br>PRETRIAL CONFERENCE....TREVOR FURLONG REP PLTF....WM<br>O'CONNOR REP DEF...(PTC) | | Carlos<br>Chappelle | |

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

| | |
|---|---|
| | Issue: NEGLIGENCE (GENERAL) (NEGL) |
| | Filed by: LGGRKE, MONSI |
| | Filed Date: 10/16/2013 |
| **Party Name:** | **Disposition Information:** |
| **Defendant:** DEERING, DEMETRIES | Pending. |
| **Defendant:** HUGHES, KARA | Pending. |
| **Defendant:** LM GENERAL INSURANCE COMPANY | Pending. |
| **Defendant:** LIBERTY MUTUAL GROUP INC. | Disposed: **DISMISSED WITHOUT PREJUDICE, 09/16/2014. Dismissed- Settled.** |

**Issue # 2.**

| | |
|---|---|
| | Issue: CROSS CLAIM - DAMAGES (DAMAGE) |
| | Filed by: LIBERTY MUTUAL GROUP INC. |
| | Filed Date: 12/03/2013 |
| **Party Name:** | **Disposition Information:** |
| | Pending. |

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 10-16-2013 | TEXT | 1 | | 87052615 | Oct 16 2013 10:40:42:443AM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 10-16-2013 | NEGL | - | | 87052617 | Oct 16 2013 10:40:42:483AM | Realized | $ 0.00 |
| | NEGLIGENCE (GENERAL) | | | | | | |
| 10-16-2013 | DMFE | - | | 87052618 | Oct 16 2013 10:40:42:523AM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 10-16-2013 | PFE1 | - | | 87052619 | Oct 16 2013 1:40:01:787PM | Realized | $ 163.00 |
| | PETITION($ 163.00) | | | | | | |
| | 📄*Document Available (#1022829695)* | | | | | | |
| 10-16-2013 | PFE7 | - | | 87052620 | Oct 16 2013 10:40:42:523AM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 10-16-2013 | OCISR | - | | 87052621 | Oct 16 2013 10:40:42:523AM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 10-16-2013 | CCADMIN02 | - | | 87052622 | Oct 16 2013 10:40:42:523AM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 10-16-2013 | OCJC | - | | 87052623 | Oct 16 2013 10:40:42:523AM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 10-16-2013 | OCASA | - | | 87052624 | Oct 16 2013 10:40:42:523AM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 10-16-2013 | CCADMIN04 | - | | 87052625 | Oct 16 2013 10:40:42:523AM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |

| Date | Code | Count | Party | Serial # | Entry Date | | Amount |
|------|------|-------|-------|----------|------------|---|--------|
| 10-16-2013 | LTF | - | | 87052626 | Oct 16 2013 10:41:25:823AM | Realized | $ 10.00 |
| | LENGTHY TRIAL FUND($ 10.00) | | | | | | |
| 10-16-2013 | SMF | - | | 87052627 | Oct 16 2013 10:41:25:853AM | Realized | $ 15.00 |
| | SUMMONS FEE (CLERKS FEE) (3)($ 15.00) | | | | | | |
| 10-16-2013 | SMIMA | - | | 87052628 | Oct 16 2013 10:40:42:723AM | Realized | $ 0.00 |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | | |
| 10-16-2013 | SMIP | - | | 87052629 | Oct 16 2013 10:40:42:873AM | Realized | $ 0.00 |
| | SUMMONS ISSUED - PRIVATE PROCESS SERVER | | | | | | |
| 10-16-2013 | TEXT | - | | 87052616 | Oct 16 2013 10:40:42:463AM | - | $ 0.00 |
| | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CHAPPELLE, CARLOS TO THIS CASE. | | | | | | |
| 10-16-2013 | ACCOUNT | - | | 87052648 | Oct 16 2013 10:41:52:933AM | - | $ 0.00 |
| | RECEIPT # 2013-2704849 ON 10/16/2013. PAYOR:EDWARDS LAW FIRM PLLC TOTAL AMOUNT PAID: $228.70. LINE ITEMS: CJ-2013-4766: $178.00 ON AC01 CLERK FEES. CJ-2013-4766: $6.00 ON AC23 LAW LIBRARY FEE. CJ-2013-4766: $0.70 ON AC31 COURT CLERK REVOLVING FUND. CJ-2013-4766: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2013-4766: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2013-4766: $2.00 ON AC64 DISPUTE MEDIATION FEES. CJ-2013-4766: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2013-4766: $10.00 ON AC81 LENGTHY TRIAL FUND. | | | | | | |
| 10-29-2013 | SMS | - | | 87337496 | Nov 1 2013 10:44:25:030AM | - | $ 0.00 |
| | SUMMONS RETURNED, SERVED: BY CERTIFIED MAIL TO CORPORATION SERVICE COMPANY SIGNED BY G PARRISH ON 10/23/2013 📄 *Document Available (#1023332765)* | | | | | | |
| 11-07-2013 | EAA | - | | 87409986 | Nov 8 2013 9:01:57:507AM | - | $ 0.00 |
| | QUALIFIED ENTRY OF APPEARANCE & REQUEST FOR ENLARGEMENT OF TIME IN WHICH TO FURTHER ANSWER OR PLEAD (HARRY PARRISH ENTERS AS COUNSEL - COVERSHEET ATTACHED) / CERTIFICATE OF SERVICE | | | | | | |
| 11-07-2013 | EAA | - | LIBERTY MUTUAL GROUP INC. | 87410072 | Nov 8 2013 9:07:13:047AM | - | $ 0.00 |
| | QUALIFIED ENTRY OF APPEARANCE & REQUEST FOR ENLARGEMENT OF TIME IN WHICH TOFURTHER ANSWER OR PLEAD (HARRY PARRISH ENTERS AS COUNSEL) / CERTIFICATEOF SERVICE 📄 *Document Available (#1023447688)* | | | | | | |
| 12-03-2013 | A | - | LIBERTY MUTUAL GROUP INC. | 87655103 | Dec 4 2013 10:07:00:110AM | - | $ 0.00 |
| | DEFT LIBERTY MUTUAL GROUP INC'S ANSWER TO PLTF'S PETITION & LIBERTY MUTUAL GROUP INC'S CROSS CLAIM / CERTIFICATE OF SERVICE 📄 *Document Available (#1023673709)* | | | | | | |
| 01-03-2014 | S | - | DEERING, DEMETRIES | 87932750 | Jan 3 2014 11:23:29:237AM | - | $ 0.00 |
| | PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED FOR DEMETRIES DEERING, PERSONAL SERVICE, ON 12-29-13, BY PROCESS SERVER 📄 *Document Available (#1023876554)* | | | | | | |

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|-----------|---|---|

**01-03-2014 S** - HUGHES, KARA  87932808  Jan 3 2014 11:25:37:917AM  -  $ 0.00

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED FOR KARA HUGHES, PERSONAL SERVICE, ON 12-29-13, BY PROCESS SERVER
📄 *Document Available (#1023876550)*

---

**02-19-2014 MO** - LGGRKE, MONSI  88454562  Feb 20 2014 2:49:21:683PM  -  $ 0.00

MOTION TO ENTER SCHEDULING ORDER (C/J)
📄 *Document Available (#1024318670)*

---

**02-21-2014 CTFREE** - 88461506  Feb 21 2014 9:53:29:757AM  -  $ 0.00

CHAPPELLE, CARLOS; GRANTED/ORDER SETTING HEARING; SET 3/26/14 AT 9:00 A.M.

---

**02-26-2014 OSH** - 88528543  Feb 27 2014 9:24:34:167AM  -  $ 0.00

ORDER SETTING HEARING / SET ON 3-26-14
📄 *Document Available (#1024317994)*

---

**03-10-2014 CTFREE** - 88635180  Mar 10 2014 9:52:14:693AM  -  $ 0.00

CHAPPELLE, CARLOS; GRANTED/AGREED SCHEDULING ORDER; PRETRIAL SET 9/30/14 AT 9:30 A.M.

---

**03-10-2014 CTFREE** - 88635239  Mar 10 2014 9:53:58:153AM  -  $ 0.00

CHAPPELLE, CARLOS; HEARING 3/26/14 STRICKEN AS AGREED SCHEDULING ORDER SUBMITTED.

---

**03-12-2014 SCHO** - 88685381  Mar 13 2014 11:01:35:310AM  -  $ 0.00

AGREED SCHEDULING ORDER (OF 3-10-14)
📄 *Document Available (#1024584863)*

---

**03-31-2014 CTFREE** - 88873100  Mar 31 2014 2:03:23:187PM  -  $ 0.00

CHAPPELLE, CARLOS; GRANTED/AMENDED AGREED SCHEDULING ORDER; PRETRIAL SET 10/30/14 AT 9:00 A.M.

---

**03-31-2014 CTFREE** - 88873184  Mar 31 2014 2:07:18:967PM  -  $ 0.00

CHAPPELLE, CARLOS; PRETRIAL SET 9/30/14 STRICKEN AND RESET.

---

**04-03-2014 AM** - 88918223  Jun 2 2014 1:21:19:223PM  -  $ 0.00

AMENDED AGREED SCHEDULING ORDER / 3-31-14
📄 *Document Available (#1024762459)*

---

**06-25-2014 MO** - LGGRKE, MONSI  90482556  Jun 25 2014 11:10:46:607AM  -  $ 0.00

PLAINTIFF'S MOTION TO AMEND PETITION TO ADD BAD FAITH CLAIM / A TO J / CERTIFICATE OF MAILING
📄 *Document Available (#1026255472)*

---

**07-14-2014 EAA** - LIBERTY MUTUAL GROUP INC.  90668178  Jul 15 2014 9:35:42:753AM  -  $ 0.00

ENTRY OF APPEARANCE / LINDY COLLINS ENTERING AS COUNSEL/ CERTIFICATE OF SERVICE / W-CS
📄 *Document Available (#1026480577)*

---

**07-14-2014 EAA** - LIBERTY MUTUAL GROUP INC.  90668775  Jul 15 2014 9:34:50:233AM  -  $ 0.00

ENTRY OF APPEARANCE / WILLIAM W O'CONNER ENTERING AS COUNSEL / W-CS / CERTIFICATE OF SERVICE
📄 *Document Available (#1026480581)*

---

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 07-14-2014 | RESP | - | LIBERTY MUTUAL GROUP INC. | 90668857 | Jul 15 2014 9:38:30:603AM | - | $ 0.00 |

DEFENDANT LIBERTY MUTUAL GROUP INC'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO AMENDED / CERTIFICATE OF SERVICE

📄 *Document Available (#1026480588)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 07-18-2014 | APLI | - | LIBERTY MUTUAL GROUP INC. | 90724858 | Jul 18 2014 4:36:41:990PM | - | $ 0.00 |

APPLICATION TO WITHDRAW AS COUNSEL OF RECORD / HARRY A PARRISH / A TO J / CERTIFICATE OF SERVICE

📄 *Document Available (#1026478184)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 07-21-2014 | CTFREE | - | | 90729201 | Jul 21 2014 10:30:49:577AM | - | $ 0.00 |

CHAPPELLE, CARLOS; GRANTED/ORDER ALLOWING WITHDRAWAL OF COUNSEL;

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 07-21-2014 | O | - | | 90742754 | Jul 22 2014 9:08:28:163AM | - | $ 0.00 |

ORDER ALLOWING WITHDRAWAL OF COUNSEL / HARRY A PARRISH /

📄 *Document Available (#1026631587)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 07-28-2014 | CTFREE | - | | 90806502 | Jul 28 2014 9:31:37:507AM | - | $ 0.00 |

CHAPPELLE, CARLOS; ORDER; PLAINTIFF'S MOTION TO AMEND PETITION TO ADD BAD FAITH CLAIM FILED 06-25-14 IS GRANTED. PLAINTIFF SHALL HAVE 20 DAYS FROM THE DATE OF THIS ORDER TO FILE AN AMENDED PETITION, AND DEFENDANT LIBERTY MUTUAL GROUP, INC., SHALL HAVE 20 DAYS THEREAFTER TO FILE AN ANSWER TO THE AMENDED PETITION.

COUNSEL FOR PLAINTIFF TO PREPARE ORDER. NOTICE TO: TREVOR FURLONG, HARRY PARRISH;

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 07-28-2014 | O | - | | 90825914 | Jul 29 2014 9:55:42:490AM | - | $ 0.00 |

ORDER / SEE MINUTE ENTRY / AFD OF MAILING

📄 *Document Available (#1026634827)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 08-06-2014 | MO | - | LIBERTY MUTUAL GROUP INC. | 90916394 | Aug 6 2014 4:58:26:497PM | - | $ 0.00 |

MOTION TO EXTEND EXISTING SCHEDULING ORDER DEADLINES / A2J

📄 *Document Available (#1026819031)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 08-06-2014 | AMP | - | LGGRKE, MONSI | 90919073 | Aug 7 2014 9:52:52:920AM | - | $ 0.00 |

FIRST AMENDED PETITION

📄 *Document Available (#1026821967)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 08-08-2014 | CTFREE | - | | 90930121 | Aug 8 2014 9:06:46:110AM | - | $ 0.00 |

CHAPPELLE, CARLOS; GRANTED/SECOND AGREED AMENDED SCHEDULING ORDER; PRETRIAL 2/5/15 AT 1:30 P.M.

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 08-08-2014 | AM | - | | 90941932 | Aug 11 2014 8:27:30:633AM | - | $ 0.00 |

SECOND AGREED AMENDED SCHEDULING ORDER / 8-8-14,

📄 *Document Available (#1026817429)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 08-08-2014 | CTFREE | - | | 90985235 | Aug 13 2014 3:22:19:033PM | - | $ 0.00 |

CHAPPELLE, CARLOS; PRETRIAL 10/30/14 STRICKEN AND RESET.

| | | | | | | | |
|------|------|-------|-------|----------|------------|---|---|
| 09-02-2014 | AMP | - | LGGRKE, MONSI | 91177178 | Sep 2 2014 4:50:11:513PM | - | $ 0.00 |

SECOND AMENDED PETITION

📄 *Document Available (#1026990273)*

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|--|--|
| 09-03-2014 | MO | - | | 91193085 | Sep 4 2014 8:54:48:413AM | - | $ 0.00 |

DEFENDANT LM GENERAL INSURANCE COMPANY'S MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER / A TO J
📄 *Document Available (#1026992880)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|--|--|
| 09-04-2014 | CTFREE | - | | 91193062 | Sep 4 2014 8:53:47:993AM | - | $ 0.00 |

CHAPPELLE, CARLOS; GRANTED/AGREED PROTECTIVE ORDER;

| | | | | | | | |
|------|------|-------|-------|----------|------------|--|--|
| 09-04-2014 | O | - | | 91208280 | Sep 5 2014 9:12:09:353AM | - | $ 0.00 |

AGREED PROTECTIVE ORDER
📄 *Document Available (#1026992357)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|--|--|
| 09-12-2014 | NO | - | DEERING, DEMETRIES | 91300903 | Sep 15 2014 7:53:23:647AM | - | $ 0.00 |

LIBERTY MUTUAL GROUP INC'S NOTICE OF DISMISSAL OF CROSS-CLAIMS WITHOUT PREJUDCIE AS TO DEFENDANTS DEMETRIES DEERING AND KARA HUGHES
📄 *Document Available (#1027192648)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|--|--|
| 09-12-2014 | A | - | LM GENERAL INSURANCE COMPANY | 91300922 | Sep 15 2014 8:04:31:077AM | - | $ 0.00 |

ANSWER OF LM GERAL INSURANCE COMPANY TO PLAINTIFF'S SECOND AMENDED PETITION / CERTIFICATE OF SERVICE
📄 *Document Available (#1027192644)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|--|--|
| 09-16-2014 | DWOP | - | LIBERTY MUTUAL GROUP INC. | 91332934 | Sep 17 2014 7:05:54:810AM | - | $ 0.00 |

NOTICE OF DISMISSAL WITHOUT PREJUDICE AS TO DEFENDANT LIBERTY MUTUAL GROUP INC BY PLFS ATTY
📄 *Document Unavailable (#1027190411)*

| | | | | | | | |
|------|------|-------|-------|----------|------------|--|--|
| 09-16-2014 | DISPDWOP | 1 | LIBERTY MUTUAL GROUP INC. | 91332935 | Sep 17 2014 7:06:31:720AM | - | $ 0.00 |

DISMISSAL WITHOUT PREJUDICE

---

Report Generated by The Oklahoma Court Information System at September 17, 2014 10:44 AM

End of Transmission.

# EXHIBIT 2

```
*1022829695*
```

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

STATE OF OKLAHOMA

**DISTRICT COURT**

**F I L E D**

OCT 1 6 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MONSI LGGRKE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - vs - | ) |
| | ) |
| DEMETRIES DEERING, KARA HUGHES | ) |
| And LIBERTY MUTUAL GROUP INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

Case No.

**CJ-2013-04766**

**CARLOS J. CHAPPELLE**

<u>**PETITION**</u>

COMES NOW, the Plaintiff by and through his attorney of record, Mark L. Edwards, and

for his cause of action against the Defendants, Demetries Deering, Kara Hughes and Liberty

Mutual Group Inc., alleges and states as follows:

1.     That the Plaintiff, Monsi L'Ggrke is a resident of Tulsa, Tulsa County, Oklahoma.

2.     That the Defendant, Demetries Deering, is a resident of Tulsa, Tulsa County,

Oklahoma.

3.     That the Defendant, Kara Hughes, is a resident of Tulsa, Tulsa County,

Oklahoma.

4.     That the Defendant Liberty Mutual Group Inc., is the Plaintiff's uninsured/

underinsured motorist carrier, at the time of the collision. Therefore, Plaintiff brings this action

against Liberty Mutual Group Inc. to establish his rights to the underinsured motorist coverage.

5.     That the accident which gives rise to this action occurred on August 1, 2012 in

Tulsa County, Oklahoma.

6.     That this Court has jurisdiction and venue in this matter.

7.      That the Plaintiff was without fault and that the damages from the accident were directly and proximately caused by and due to the negligence of the Defendant, Demetries Deering and Kara Hughes as set forth below.

8.      That on or about August 1, 2012 Plaintiff was a passenger in a vehicle that was stopped at a red light on E. 71st street in the westbound left turn lane on South Wheeling Avenue. He was waiting to turn left when he was struck from behind by Demetries Deering.

## COUNT I

9.      That Defendant Demetries Deering was negligent in striking the back of the vehicle containing Plaintiff.

10.     That as a result of that negligence Plaintiff was injured and as suffered damages.

11.     That Plaintiff's damages include, but are not limited to past and future physical pain and suffering, past and future mental anguish, medical expenses and permanent injury.

12.     Wherefore, Plaintiff prays for a judgment against Defendant Demetries Deering in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT II

13.     That Defendant Kara Hughes was the owner of the vehicle driven by Defendant Demetries Deering when the aforementioned wreck occurred.

14.     That Defendant Kara Hughes negligently entrusted her vehicle to Defendant Demetries Deering.

15.     That as a result of that negligence Plaintiff was injured and has suffered damages.

16.     That Plaintiff's damages include, but are not limited to past and future physical pain and suffering, past and future mental anguish, medical expenses and permanent injury.

17.     Wherefore, Plaintiff prays for a judgment against Defendant Kara Hughes in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT III

18.     That Defendant Liberty Mutual Group Inc. insured the Plaintiff Monsi Lggrke with an automobile policy that provided uninsured/underinsured motorist coverage.

19.     That Defendant's Demetries Deering and Kara Hughes were at the time of the aforementioned collision, uninsured or underinsured as defined in Plaintiff's policy with Defendant Liberty Mutual Group Inc.

20.     That due to the nature and extent of Plaintiff's injuries, Defendant Liberty Mutual Group Inc., is bound to pay Plaintiff the limits of said policy, or $500,000.00.

21.     Wherefore, Plaintiff prays for a judgment against Defendant Liberty Mutual Group Inc. in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

**JURY TRIAL DEMAND RESERVED**
**ATTORNEY LIEN CLAIMED**

Respectfully submitted,

THE EDWARDS LAW FIRM

Mark L. Edwards, OBA # 16570
The Edwards Law Firm
P.O. Box 1066
McAlester, OK. 74848
(918) 302-3700
(918) 302-3701
ATTORNEY FOR PLAINTIFF

# EXHIBIT 3



**FILED**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY   OCT 29 2013

STATE OF OKLAHOMA

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

MONSI LGGRKE                          )
                                      )
            Plaintiff,                )   **CJ-2013-04766**
                                      )
- vs -                                )   Case No.
                                      )
DEMETRIES DEERING, KARA HUGHES        )
And LIBERTY MUTUAL GROUP INC.         )
                                      )
            Defendants.               )

## <u>SUMMONS</u>   CARLOS J. CHAPPELLE

**TO THE ABOVE NAMED DEFENDANT:**   **Liberty Mutual Group Inc.**

You have been sued by the above named Plaintiff, and you are directed to file a written Answer to the attached Petition in the court at the above address **within twenty (20) days** after service of this Summons upon you, exclusive of the day of service.  Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

**Unless you respond to the Petition within the time stated, judgment will be rendered against you for the relief demanded in the Petition, together with the costs of the action.**

        Issued on October 16, 2013.

                                      Sally Howe Smith, COURT CLERK

[SEAL]

                                      By _____
                                      Deputy Court Clerk

Mark Edwards, OBA# 16570
The Edwards Law Firm
321 S. 3rd Street, Suite 1
P.O. Box 1066
McAlester, Ok  74502
Telephone 918-302-3700
Fax 918-302-3701
Attorney for Plaintiff

**YOU MAY SEEK THE ADVICE OF ANY ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

THIS NOTICE WAS SERVED ON (Date of Mailing) _10/21/13_____

(Signature of person serving Notice) _Christi Oona_____

I certify that I delivered a copy of the Petition to _Corporation Service Company___ at the address

_115 SW 89 OKC, OK 7339_, on the _23rd_ day of _October_____, 20_13_

I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on _____ day of _____, 201___, and receipt thereof on the dates shown:

_____

_____

_____

_____

_____

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Executed on _10/23/13_____

_Christi Oona_____
Signature of Server

_Christi Oona_____
Printed Name of Server

_321 S, 3rd Ste1 McAlester OK 74501_
Address of Server

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
115 SW 89th
Oklahoma City, Ok 73139

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *G. Parrish*  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   **G. Parrish**

C. Date of Delivery   10/23

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0000 4414 6545

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL₁₀ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Summons-

Postmark

Liberty mutual

Corporation Service Company
115 SW 89th
Oklahoma City, Ok 73139

for instructions

7012 2920 0000 4414 6545

# EXHIBIT 4



*1023447688*

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

MONSI LGGRKE,                         )
                                      )
            Plaintiff,                )
                                      )
vs.                                   )      Case No. CJ-2013-4766
                                      )      Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,       )
and LIBERTY MUTUAL GROUP INC.         )

**DISTRICT COURT**
**F I L E D**

NOV 0 7 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### QUALIFIED ENTRY OF APPEARANCE AND
### REQUEST FOR ENLARGEMENT OF TIME
### IN WHICH TO FURTHER ANSWER OR PLEAD

Pursuant to 12 Okla. Stat. § 2012, Harry A. Parrish of Franden | Woodard | Farris | Quillin + Goodnight, Williams Center Tower II, Ste. 900, 2 W. 2nd St., Tulsa, Oklahoma 74103, hereby enters a qualified entry of appearance and request for enlargement of time in which to further answer or plead on behalf of Defendant, Liberty Mutual Group Inc., and reserves an additional twenty days, or until December 2, 2013, within which to further plead or answer.

Pursuant to *Young v Walton*, 1991 OK 20, this qualified entry of appearance does not waive any defense enumerated in 12 O.S. § 2012(B), including defenses numbered 2, 3, 4, 5, 6 and 9. *See also First Texas Savings Association v. Bernsen*, 921 P.2d 1293 (OK CIV. APP. 1996) (holding that a defendant may qualify an entry of appearance and request additional time to further plead pursuant to 12 O.S. 2012(A). The qualified entry of appearance and request for additional time will not waive the defenses enumerated in §2012(B).



Respectfully submitted,

By _____
Harry A. Parrish, OBA #11463
Franden | Woodard | Farris | Quillin
    + Goodnight
Williams Center Tower II
Two West Second St., Suite 900
Tulsa, OK  74103-3101
918/583-7129
FAX 918/584-3814
*Attorney for Defendant*
*Liberty Mutual Group Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of November, 2013, a true and correct copy of the above and foregoing was mailed via U.S. Mail, sufficient postage prepaid, to the following:

Mark L. Edwards
The Edwards Law Firm
P.O. Box 1066
McAlester, OK 74848
*Attorney for Plaintiff*

_____
Harry A. Parrish

# EXHIBIT 5



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
# FILED
DEC - 3 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONS1 LGGRKE,                          )
                                       )
    Plaintiff,                     )
                                       )
vs.                                    )        Case No. CJ-2013-4766
                                       )        Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,        )
and LIBERTY MUTUAL GROUP INC.          )

### DEFENDANT LIBERTY MUTUAL GROUP INC.'S ANSWER TO PLAINTIFF'S PETITION AND LIBERTY MUTUAL GROUP INC.'S CROSS-CLAIM

Defendant Liberty Mutual Group Inc., for its answer to Plaintiff's petition filed herein, alleges and states:

1. Defendant admits the allegations of paragraphs 1, 4, 5, and 6 of the petition.

2. Defendant admits, upon information and belief, the allegations of paragraphs 2 and 3 of Plaintiff's petition.

3. Defendant denies the allegations of paragraph 7 of the petition.

4. Defendant admits that an accident occurred generally at the time and place alleged in paragraph 8, and further admits, upon information and belief, that Plaintiff was a passenger in a vehicle as alleged. Defendant denies the remainder of paragraph 8.

5. Paragraphs 9 through 12 and 13 through 17 do not contain allegations against this Defendant, and this Defendant is not required to respond further. To the extent these paragraphs do contain allegations against this Defendant, they are denied.

6. Defendant admits the allegations of paragraph 18 of Plaintiff's petition.

7. Defendant denies the allegations of paragraphs 19, 20, and 21 of the petition.

8. Defendant specifically denies that the co-defendants were uninsured or underinsured, and Plaintiff is therefore precluded from recovering against this Defendant.



9. By way of further defense, Defendant alleges that the injuries complained of by Plaintiff were preexisting in nature, and were neither caused nor worsened by the subject accident.

10. As discovery has not yet begun, Defendant is without sufficient information to assert other defenses beyond those contained herein, and Defendant hereby reserves the right to amend its answer prior to pretrial herein.

WHEREFORE, having answered fully, Defendant Liberty Mutual Group Inc. prays that Plaintiff take nothing by way of his petition filed herein against this Defendant, and that this Defendant have judgment in its favor, together with its costs and such other relief as the Court deems proper.

## CROSS-CLAIM

COMES NOW the Defendant, Liberty Mutual Group Inc., and for its cross-claim against Defendants Demetries Deering and Kara Hughes, alleges and states:

1. Plaintiff has alleged that co-defendants negligently caused an accident, resulting in injuries to Plaintiff, and that co-defendants were uninsured or underinsured at the time of the accident, and for these reasons, Plaintiff is entitled to recover uninsured motorist benefits from this Defendant under a policy issued by it to Plaintiff.

2. In the event Plaintiff is entitled to recover against this Defendant, this Defendant is entitled, pursuant to the terms of its policy and pursuant to Oklahoma statute, to recover against the co-defendants.

WHEREFORE, in the event Defendant Liberty Mutual Group Inc. is found liable to Plaintiff, Liberty Mutual Group Inc. prays for judgment against Defendants Demetries Deering and Kara Hughes for all such sums, together with its costs and such other relief as the Court deems proper.

2

Respectfully submitted,

By _Harry A. Parrish_____
Harry A. Parrish, OBA #11463
Franden | Woodard | Farris | Quillin
+ Goodnight
Williams Center Tower II
Two West Second St., Suite 900
Tulsa, OK  74103-3101
918/583-7129
FAX 918/584-3814
*Attorney for Defendant*
*Liberty Mutual Group Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this $3^{\underline{d}}$ day of December, 2013, a true and correct copy of the above and foregoing was mailed via U.S. Mail, sufficient postage prepaid, to the following:

Mark L. Edwards
The Edwards Law Firm
P.O. Box 1066
McAlester, OK 74848
*Attorney for Plaintiff*

_Harry A. Parrish_____
Harry A. Parrish

3

# EXHIBIT 6



DI
F I L E D

JAN - 3 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

STATE OF OKLAHOMA

MONSI LGGRKE )
)
Plaintiff, )
)
- vs - )
)
DEMETRIES DEERING, KARA HUGHES )
And LIBERTY MUTUAL GROUP INC. )
)
Defendants. )

**CJ-2013-04766**

Case No.

## **SUMMONS**    CARLOS J. CHAPPELLE

**TO THE ABOVE NAMED DEFENDANT:**    **Demetries Deering**

You have been sued by the above named Plaintiff, and you are directed to file a written Answer to the attached Petition in the court at the above address **within twenty (20) days** after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

**Unless you respond to the Petition within the time stated, judgment will be rendered against you for the relief demanded in the Petition, together with the costs of the action.**

Issued on October 16, 2013.

Sally Howe Smith, COURT CLERK

[SEAL]

By _____
Deputy Court Clerk

Mark Edwards, OBA# 16570
The Edwards Law Firm
321 S. 3rd Street, Suite 1
P.O. Box 1066
McAlester, Ok 74502
Telephone 918-302-3700
Fax 918-302-3701
Attorney for Plaintiff

**YOU MAY SEEK THE ADVICE OF ANY ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**



## AFFIDAVIT OF SERVICE

State of OKLAHOMA                     County of TULSA                     District Court

Case Number: CJ-2013-04766

Plaintiff:
**MONSI LGGRKE**
vs.
Defendant:
**DEMETRIES DEERING, KARA HUGHES and LIBERTY MUTUAL GROUP, INC**

Received by Malan Investigations on the 27th day of December, 2013 at 7:30 pm to be served on **DEMETRIES DEERING, 7132 S UTICA AVE APT 915, TULSA, OK 74136.**

I, SCOTT MALAN, being duly sworn, depose and say that on the **29th day of December, 2013 at 2:48 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the Summons and Petition with the date and hour of service endorsed thereon by me, to: **DEMETRIES DEERING** at the address of: **3167 S 130TH E PL, TULSA, OK 74134**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 30th day of December, 2013 by the affiant who is personally known to me.

NOTARY PUBLIC



SCOTT MALAN
PSS # 2013-69

Malan Investigations
P.O. Box 50455
Tulsa, OK 74150
(918) 592-5600

Our Job Serial Number: MAL-2013001563
Ref: LGGRKE VS DEERING/HUGHES

Copyright © 1992-2010 Database Services, Inc - Process Server's Toolbox V6.4g

# EXHIBIT 7





**F I L E D**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

JAN – 3 2014

STATE OF OKLAHOMA

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE                          )
                                      )
        Plaintiff,                    ) **CJ-2013-04766**
                                      )
    - vs -                            )   Case No.
                                      )
DEMETRIES DEERING, KARA HUGHES        )
And LIBERTY MUTUAL GROUP INC.         )
                                      )
        Defendants.                   )

## SUMMONS    CARLOS J. CHAPPELLE

**TO THE ABOVE NAMED DEFENDANT:**    Kara Hughes

You have been sued by the above named Plaintiff, and you are directed to file a written Answer to the attached Petition in the court at the above address **within twenty (20) days** after service of this Summons upon you, exclusive of the day of service.  Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

**Unless you respond to the Petition within the time stated, judgment will be rendered against you for the relief demanded in the Petition, together with the costs of the action.**

        Issued on October _16_, 2013.

                                      Sally Howe Smith, COURT CLERK

[SEAL]

                                      By_____
                                      Deputy Court Clerk

Mark Edwards, OBA# 16570
The Edwards Law Firm
321 S. 3rd Street, Suite 1
P.O. Box 1066
McAlester, Ok  74502
Telephone 918-302-3700
Fax 918-302-3701
Attorney for Plaintiff

**YOU MAY SEEK THE ADVICE OF ANY ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

# AFFIDAVIT OF SERVICE

State of OKLAHOMA          County of TULSA          District Court

Case Number: CJ-2013-04766

Plaintiff:
**MONSI LGGRKE**
vs.
Defendant:
**DEMETRIES DEERING, KARA HUGHES and LIBERTY MUTUAL GROUP, INC**

Received by Malan Investigations on the 27th day of December, 2013 at 7:30 pm to be served on **KARA HUGHES, 7132 S UTICA AVE APT 915, TULSA, OK 74136.**

I, SCOTT MALAN, being duly sworn, depose and say that on the **29th day of December, 2013 at 2:48 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Petition** with the date and hour of service endorsed thereon by me, to: KARA HUGHES at the address of: **3167 S 130TH E PL, TULSA, OK 74134**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 30th day of December, 2013 by the affiant who is personally known to me.

NOTARY PUBLIC



Notary Public
State of Oklahoma
LEE JOHNSON
TULSA COUNTY
COMMISSION #13000927
Comm. Exp. 01-28-2017

SCOTT MALAN
PSS # 2013-69

Malan Investigations
P.O. Box 50455
Tulsa, OK 74150
(918) 592-5600

Our Job Serial Number: MAL-2013001564
Ref: LGGRKE VS DEERING/HUGHES

Copyright © 1992-2010 Database Services, Inc - Process Server's Toolbox V6.4g

# EXHIBIT 8



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

FEB 1 9 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,                          )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )        Case No. CJ-2013-4766
                                       )        Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,        )
and LIBERTY MUTUAL GROUP INC.          )

## MOTION TO ENTER SCHEDULING ORDER

**COMES NOW,** the Plaintiffs and hereby moves this Court, to enter a Scheduling Order and in support of this Motion states:

1.      Case CJ-2013-4766 was filed on October 16, 2013.  To date no Scheduling Order has been entered.

2.      In order to complete discovery and set a Pretrial Hearing, this Court should enter a Scheduling Order in this case.

**THEREFORE,** Plaintiffs requests that this Court enter a Scheduling Order in this case.

Respectfully submitted,

EDWARDS LAW FIRM

By: _____
Trevor J. Furlong, OBA #20208
P.O. Box 1066
321 South 3rd Street, Suite 1
McAlester, Oklahoma 74502
(918) 302-3700 Telephone
(918) 302-3701 Facsimile
*Attorney for the Plaintiff*

# EXHIBIT 9




**DISTRICT COURT**
**F I L E D**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

FEB 2 6 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,                    )
                                 )
          Plaintiff,             )
                                 )
vs.                              )          Case No. CJ-2013-4766
                                 )          Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,  )
and LIBERTY MUTUAL GROUP INC.    )

### ORDER SETTING HEARING

Now on this *21st* day of February, 2014, the setting of the hearing on the

Plaintiff's *Motion to Enter Scheduling Order* comes on and the Court, being fully

advised, finds:

　　　　IT IS THEREFORE ORDERED that this matter be scheduled for hearing on

the *26th* day of *March*, 2014, at *9* o'clock, *A*.m.

　　　　ORDERED this *21st* day of February, 2014.

_____
JUDGE OF THE DISTRICT COURT

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2014, that I mailed a true and correct copy of the foregoing document with postage prepaid to the following:

Harry A. Parrish
Franden, Woodard, Farris, Quinllin
& Goodnight
William Center Tower II
Two West Second St., Suite 900
Tulsa, OK 74103-3101

Demetries Deering
3167 S. 130th E Pl
Tulsa, OK 74134

Kara Hughes
3167 S. 130th E Pl
Tulsa, OK 74134

Trevor J. Furlong

# EXHIBIT 10





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

MAR 1 2 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,

 Plaintiff,

vs.

DEMETRIES DEERING, KARA HUGHES,
and LIBERTY MUTUAL GROUP INC.

)
)
)
)
)
)
)
)
)

Case No. CJ-2013-4766
Judge Chappelle

## AGREED SCHEDULING ORDER

THIS ORDER is entered this *10th* day of *March*, 2014.

Counsel have discussed with the Court their respective need for adequate discovery time, complexity of legal issues to be addressed, and their caseload in arriving at this agreed Scheduling Order.

**IT IS SO ORDERED** that the following must be completed within the time fixed:

1. ADDITIONAL PARTIES to be joined and AMENDED
  PLEADINGS to be filed by:      April 7, 2014

2. Parties shall exchange PRELIMINARY LISTS OF
  WITNESSES AND EXHIBITS by:    May 4, 2014

3. DISCOVERY must be completed by:    July 27, 2014

4. DISPOSITIVE MOTIONS will not be considered
  If filed after:         August 11, 2014

5. SETTLEMENT CONFERENCE OR MEDIATION
  DATE & TIME:         August 31, 2014

6. PRE-TRIAL CONFERENCE DATE & TIME: *Sept 30, 2014 @ 9:30 AM*
  (Jury Fee must be paid by time of pre-trial conference. 28 O.S. Sec 152.1 (B))

7. TRIAL DATE:         Set at Pre-Trial

8. ESTIMATED TIME FOR TRIAL:    2 days

9. REQUESTED JURY INSTRUCTIONS must be filed by: 5 days prior to Trial



10.   PROPOSED FINDINGS OF FACT AND CONCLUSIONS:
      OF LAW (Non-Jury) must be filed by:                    _____N/A_____

11.   TRIAL BRIEF must be filed by:                          _____N/A_____

12.   ADDITIONAL ORDERS:
      (Non-Jury) must be filed by:                           _____N/A_____


MEDICAL EXAMINATION OF ____Monsi L'ggrke_____ shall be completed
no later than ___July 2, 2014_____.
THE MEDICAL EXAMINER shall submit the report to counsel requesting the
examination, who shall submit a complete copy to all counsel, no later than
__July 16, 2014___.

        **No date set by this Order can be changed except for good cause and upon
written Order of this Court.**

        Dated: ___8-15-14_____


                                          _____
                                          JUDGE OF THE DISTRICT COURT


We have presented to the Court our views of time requirements established by this
Scheduling Order.


_____          _____
Trevor J. Furlong, OBA #20208             Harry A. Parrish, OBA #11463
The Edwards Law Firm                      FRANDEN, WOODARD, FARRIS,
321 South 3rd Street, Suite 1             QUILLIN & GOODNIGHT
P.O. Box 1066                             Williams Center Tower II
McAlester, Oklahoma  74502                Two West Second Street, Ste. 900
(918) 302-3700 Telephone                  Tulsa, OK 74103-3101
(918) 302-3701 Facsimile                  (918) 583-7129 Telephone
*Attorney for the Plaintiff*              (918) 584-3814 Facsimile
                                          *Attorney for the Defendant, Liberty
                                          Mutual Group, Inc.*

# EXHIBIT 11





DISTRICT COURT
**F I L E D**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

APR – 3 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,                    )
                                 )
        Plaintiff,               )
                                 )
vs.                              )          Case No. CJ-2013-4766
                                 )          Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,  )
and LIBERTY MUTUAL GROUP INC.    )

~~Amended~~ AGREED SCHEDULING ORDER

THIS ORDER is entered this _31 ST_ day of _March_, 2014.

Counsel have discussed with the Court their respective need for adequate discovery time, complexity of legal issues to be addressed, and their caseload in arriving at this agreed Scheduling Order.

**IT IS SO ORDERED** that the following must be completed within the time fixed:

1.    ADDITIONAL PARTIES to be joined and AMENDED
      PLEADINGS to be filed by:                       May 7, 2014

2.    Parties shall exchange PRELIMINARY LISTS OF
      WITNESSES AND EXHIBITS by:                      June 4, 2014

3.    DISCOVERY must be completed by:                 August 27, 2014

4.    DISPOSITIVE MOTIONS will not be considered
      If filed after:                                 September 11, 2014

5.    SETTLEMENT CONFERENCE OR MEDIATION
      DATE & TIME:                                    September 30, 2014

6.    PRE-TRIAL CONFERENCE DATE & TIME:               _Oct 30, 2014 @ 9:00 Am_
      **(Jury Fee must be paid by time of pre-trial conference. 28 O.S. Sec 152.1 (B))**

7.    TRIAL DATE:                                     Set at Pre-Trial

8.    ESTIMATED  TIME FOR TRIAL:                      2 days

9.    REQUESTED JURY INSTRUCTIONS must be filed by:   5 days prior to Trial



10.   PROPOSED FINDINGS OF FACT AND CONCLUSIONS:
      OF LAW (Non-Jury) must be filed by:                    __ N/A __

11.   TRIAL BRIEF must be filed by.                          __ N/A __
12.   ADDITIONAL ORDERS:
      (Non-Jury) must be filed by:                           ____N/A_____

MEDICAL EXAMINATION OF ____Monsi L'ggrke_____ shall be completed
no later than ___August 2, 2014___.
THE MEDICAL EXAMINER shall submit the report to counsel requesting the
examination, who shall submit a complete copy to all counsel, no later than
   August 16, 2014___.

      No date set by this Order can be changed except for good cause and upon
written Order of this Court.

      Dated: _____*3-31-14*_____

                                          _____
                                          JUDGE OF THE DISTRICT COURT

We have presented to the Court our views of time requirements established by this
Scheduling Order.

Trevor J. Furlong, OBA #20,208                Harry A. Parrish, OBA#11463
The Edwards Law Firm                          FRANDEN, WOODARD, FARRIS,
321 South 3rd Street, Suite 1                 QUILLIN & GOODNIGHT
P O. Box 1066                                 Williams Center Tower II
McAlester, Oklahoma 74502                     Two West Second Street, Ste. 900
(918) 302-3700 Telephone                      Tulsa, OK 74103-3101
(918) 302-3701 Facsimile                      (918) 583-7129 Telephone
*Attorney for the Plaintiff*                  (918) 584-3814 Facsimile
                                              *Attorney for the Defendant, Liberty*
                                              *Mutual Group, Inc.*

# EXHIBIT 12

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

MONSI LGGRKE,                          )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )       Case No. CJ-2013-4766
                                       )       Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,        )
and LIBERTY MUTUAL GROUP INC.          )       DISTRICT COURT
                                               **F I L E D**

### PLAINTIFF'S MOTION TO AMEND PETITION          JUN 2 5 2014
### TO ADD BAD FAITH CLAIM

**COMES NOW** Plaintiff, Monsi L'Ggrke, and moves the Court to <span>SALLY HOWE SMITH, COURT CLERK</span> STATE OF OKLA. TULSA COUNTY

amend his petition.  Plaintiff seeks to add a claim of bad faith against the defendant, Liberty

Mutual Group Inc. arising out of their conduct and processing of the claim in the subject motor

vehicle collision.  In support of Plaintiff's motion he provides the Court with the following:

1.    This matter concerns a two vehicle collision and Uninsured Motorist claim.  The

      collision occurred on August 1, 2012.  The collision occurred in Tulsa,

      Oklahoma.

2.    Through the Court's Scheduling Order there was a deadline for amendments to

      pleadings of May 7, 2014.

3.    The parties engaged in a mediation on June 12, 2014.  During that mediation it

      was very apparent Liberty Mutual had grossly undervalued and otherwise not

      done a fair investigation of the claim of Plaintiff.  Prior to that day there was not

      an offer or other discussion between the parties as to a valuation placed on the

      claim by Liberty Mutual.

4.   Through the discovery in this case Plaintiff believes Defendant has breached its

duty to deal fairly and in good faith in the handling of his underinsured motorist

claim.

5.   For the sake of judicial economy Plaintiff should be allowed to add any and all

claims he has against all Defendants for the motor vehicle collision of August 1,

2012 in one case.

6.   Discovery is currently ongoing in this case.

7.   Pursuant to 12 OS §2015(A) this Court should permit plaintiff to amend his

petition when justice so requires.

8.   Plaintiff believes Liberty Mutual Group Inc. would not be prejudiced in any way

if he was allowed to add the causes of action listed above.

9.   Plaintiff contacted Defendant about this motion.  They object to the proposed

amendments to Plaintiff's Petition.

**WHEREFORE,** Plaintiff requests leave of Court to amend his Petition to add causes of action

against the Defendant as described above along with all other appropriate relief.

Respectfully submitted,

Trevor J. Furlong, OBA #20208
The Edwards Law Firm
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK  74502
(918) 302-3700 – Telephone
(918) 302-3701 – Facsimile
*Attorneys for Plaintiff*

## CERTIFICATE OF MAILING

I hereby certify that on the 18th day of June 2014, a true and correct copy of the above

and foregoing document was mailed with proper postage fully prepaid thereon, to the following:

**Harry Parrish**
**Williams Center Tower II**
**Two West 2nd Street**
**Suite 900**
**Tulsa, OK 74103**
**Attorney for Defendant Liberty Mutual**

Trevor J. Furlong

# EXHIBIT 13

## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

MONSI LGGRKE,                          )
                                       )
              Plaintiff,         )
                                       )
v.                                     )          Case No. CJ-2013-4766
                                       )          *Honorable Carlos Chapelle*
DEMETRIES DEERING, KARA                )
HUGHES, and LIBERTY MUTUAL             )
GROUP INC.                             )          **DISTRICT COURT**
                                       )          **F I L E D**
              Defendants.        )
                                                  JUL 1 4 2014

### ENTRY OF APPEARANCE

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA: TULSA COUNTY

    Lindy H. Collins, of the law firm Newton, O'Connor, Turner & Ketchum, PC,

hereby enters her appearance on behalf of the Defendant, Liberty Mutual Group, Inc., in

the above captioned cause.

                 Respectfully submitted,

                 Lindy H. Collins, OBA No. 30579
                 NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
                 15 West Sixth Street, Suite 2700
                 Tulsa, Oklahoma  74119
                 Telephone:    (918) 587-0101
                 Facsimile:     (918) 587-0102

                 **ATTORNEYS FOR DEFENDANT,**
                 **LIBERTY MUTUAL GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK 74502

**ATTORNEYS FOR PLAINTIFFS**


Harry Parrish
FRANDEN, WOODARD, FARRIS, QUILLIN & GOODNIGHT
Williams Center Tower II
Two West 2nd Street, Suite 900
Tulsa, OK 74103

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL GROUP, INC.**


Lindy H. Collins

# EXHIBIT 14

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

MONSI LGGRKE,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        Case No. CJ-2013-4766
                                       )        *Honorable Carlos Chapelle*
DEMETRIES DEERING, KARA                )
HUGHES, and LIBERTY MUTUAL             )
GROUP INC.                             )
                                       )
            Defendants.                )

**DISTRICT COURT**
**F I L E D**

JUL 1 4 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## ENTRY OF APPEARANCE

William W. O'Connor, of the law firm Newton, O'Connor, Turner & Ketchum,

PC, hereby enters his appearance on behalf of the Defendant, Liberty Mutual Group,

Inc., in the above captioned cause.

Respectfully submitted,

William W. O'Connor, OBA No. 13200
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119
Telephone:    (918) 587-0101
Facsimile:    (918) 587-0102

**ATTORNEYS FOR DEFENDANT,
LIBERTY MUTUAL GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK 74502

**ATTORNEYS FOR PLAINTIFFS**


Harry Parrish
FRANDEN, WOODARD, FARRIS, QUILLIN & GOODNIGHT
Williams Center Tower II
Two West 2nd Street, Suite 900
Tulsa, OK 74103

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL GROUP, INC.**


_____
William W. O'Connor

# EXHIBIT 15

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

JUL 1 4 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| MONSI LGGRKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2013-4766 |
| | ) | *Honorable Carlos Chapelle* |
| DEMETRIES DEERING, KARA | ) | |
| HUGHES, and LIBERTY MUTUAL | ) | |
| GROUP INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LIBERTY MUTUAL GROUP, INC.'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO AMEND PETITION

Defendant Liberty Mutual Group, Inc. ("Liberty Mutual") respectfully requests that the Court deny the Motion to Amend Petition of Plaintiff Monsi L'Ggrke ("Plaintiff"), filed June 25, 2014. In support of this Response, Liberty Mutual states the following:

1.      Plaintiff filed a lawsuit against Liberty Mutual on October 16, 2013, alleging that Liberty Mutual is liable to Plaintiff for underinsured motorist benefits resulting from a motor vehicle accident on August 1, 2012.

2.      Plaintiff has failed to prosecute his claim since the filing of the Petition. Indeed, Plaintiff waited until June 18, 2014 to serve discovery on Liberty Mutual.

3.     The current scheduling order required the parties to amend the pleadings on or before May 7, 2014. Nonetheless, Plaintiff filed a Motion to Amend Petition to Add Bad Faith Claim on June 25, 2014.

4.     Plaintiff has inexcusably failed to prosecute his claims and comply with the scheduling order, and Liberty Mutual respectfully submits that it should not be permitted to add new claims to the pending lawsuit at this time.

5.     Plaintiff's confusing Motion states that, "[t]hrough discovery in this case," Liberty Mutual failed to deal fairly and in good faith in the handling of Plaintiff's underinsured motorist claim. To the extent that Liberty Mutual has not yet responded to Plaintiff's first set of discovery, Plaintiff's basis for the belated request to amend the Petition is meritless and illogical.

6.     Significantly, the litigation conduct of a Defendant may not serve as evidence of bad faith under Oklahoma law. The Oklahoma state and federal courts have "refused to recognize a bad faith claim against an insurer based solely on an insurance company's alleged post-litigation conduct of disputing an insured's damages. . . . Rather, after a lawsuit is pending, to hold an insurer's acceptable litigation tactics as evidence of bad faith would be to deny the insurer a complete defense. To date, the courts have **uniformly rejected** the argument that an insurer can be guilty of bad faith for simply defending itself in a coverage litigation and taking advantage, even zealously so, of every right afforded under applicable state and federal discovery rules." *Andres*

2

*v. Okla. Farm Bureau Mut. Ins. Co.*, 2012 OK CIV APP 93, ¶ 13, 290 P.3d 15, 2012 Okla.

Civ. App. LEXIS 77 (Okla. Ct. App. 2012). Accordingly, Plaintiff's proposed new claim

of bad faith discovery conduct would fail. As such, Plaintiff's request to amend the

Petition to add such a claim should be denied.

For the above and foregoing reasons, Defendant Liberty Mutual Group, Inc.

respectfully requests that the Court deny Plaintiff's Motion to Amend Petition to Add

Bad Faith Claim.

Respectfully submitted,

Lindy H. Collins, OBA No. 30579
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119
Telephone:   (918) 587-0101
Facsimile:    (918) 587-0102

**ATTORNEYS FOR DEFENDANT,
LIBERTY MUTUAL GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK 74502

**ATTORNEYS FOR PLAINTIFFS**


Harry Parrish
FRANDEN, WOODARD, FARRIS, QUILLIN & GOODNIGHT
Williams Center Tower II
Two West 2nd Street, Suite 900
Tulsa, OK 74103

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL GROUP, INC.**


Lindy H. Collins

4

# EXHIBIT 16

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

MONSI LGGRKE,                          )
                                       )
          Plaintiff,                   )
                                       )
vs.                                    )          Case No. CJ-2013-4766
                                       )          Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,        )
and LIBERTY MUTUAL GROUP INC.          )

## APPLICATION TO WITHDRAW AS COUNSEL OF RECORD

Harry A. Parrish of Franden, Woodard, Farris, Quillin & Goodnight, counsel of record

for Defendant Liberty Mutual Group, Inc., respectfully requests that the Court allow him to

withdraw as attorney for said Defendant for the reason that the firm of Newton, O'Connor,

Turner & Ketchum, P.C. has been retained to represent Liberty Mutual Group, Inc. in this matter.

Respectfully submitted,

By _____
   Harry A. Parrish, OBA #11463
   FRANDEN, WOODARD, FARRIS,
     QUILLIN & GOODNIGHT
   Williams Center Tower II
   Two West Second St., Suite 900
   Tulsa, OK  74103-3101
   918/583-7129
   FAX 918/584-3814
   *Attorney for Defendant*
   *Liberty Mutual Group Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2014, a true and correct copy of the above and foregoing was mailed, properly addressed and postage fully prepaid to:

Mark L. Edwards
The Edwards Law Firm
P.O. Box 1066
McAlester, OK 74848
*Attorney for Plaintiff*


William W. O'Connor
Lindy H. Collins
Newton, O'Connor, Turner,
  & Ketchum, P.C.
15 West Sixth Street, Suite 2700
Tulsa, OK 74119
*Attorneys for Liberty Mutual
Group, Inc.*

Harry A. Parrish

2

# EXHIBIT 17

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

MONSI LGGRKE,                                   )
                                                )
            Plaintiff,                          )
                                                )
vs.                                             )          Case No. CJ-2013-4766
                                                )          Judge Chappelle
DEMETRIES DEERING, KARA HUGHES,                 )
and LIBERTY MUTUAL GROUP INC.                   )

DISTRICT COURT
F I L E D

JUL 2 1 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA: TULSA COUNTY

## ORDER ALLOWING WITHDRAWAL OF COUNSEL

Upon application of Harry A. Parrish of the law firm of Franden, Woodard, Farris,

Quillin & Goodnight, requesting that this Court enter an order allowing him to withdraw as

counsel of record for the Defendant Liberty Mutual Group, Inc., and as the law firm of Newton,

O'Connor, Turner & Ketchum, P.C. has entered an appearance to represent Liberty Mutual

Group, Inc. in the above-styled and numbered cause of action, and for good cause shown,

**IT IS HEREBY ORDERED** that Harry A. Parrish is hereby granted leave to withdraw

as counsel of record for Defendant Liberty Mutual Group, Inc.

Dated: _7-21-14_

CARLOS J. CHAPPELLE
_____
JUDGE OF THE DISTRICT COURT

Submitted by:

Harry A. Parrish, OBA #11463
FRANDEN, WOODARD, FARRIS,
   QUILLIN & GOODNIGHT
Two West Second St., Suite 900
Tulsa, OK  74103-3101
918/583-7129
*Attorney for Defendant*
*Liberty Mutual Group Inc.*

# EXHIBIT 18

DISTRICT COURT
**F I L E D**

**IN THE DISTRICT COURT OF TULSA COUNTY** JUL 28 2014
**STATE OF OKLAHOMA**
2014 JUL 28 AM 9: 44

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**ORDER**

On this 28th day of July, 2014, the following matters in the designated case on for decision, pursuant to the rules of the District Court for Tulsa County. The Clerk of the Court is directed to notify counsel of record of the indicated decision by mailing a copy of this Order to them and to file a copy of this order in this case.

_____
**CARLOS J. CHAPPELLE, DISTRICT JUDGE**

CJ-2013-4766      MONSI LGGRKE, PLAINTIFF vs. DEMETRIES DEERING, KARA HUGHES, and LIBERTY MUTUAL GROUP, INC., DEFENDANTS.

PLAINTIFF'S MOTION TO AMEND PETITION TO ADD BAD FAITH CLAIM FILED 06-25-14 IS GRANTED. PLAINTIFF SHALL HAVE 20 DAYS FROM THE DATE OF THIS ORDER TO FILE AN AMENDED PETITION, AND DEFENDANT LIBERTY MUTUAL GROUP, INC., SHALL HAVE 20 DAYS THEREAFTER TO FILE AN ANSWER TO THE AMENDED PETITION.

COUNSEL FOR PLAINTIFF TO PREPARE ORDER.

NOTICE TO:      TREVOR FURLONG, P O BOX 1066, MCALESTER, OK 74502;
HARRY PARRISH, WILLIAMS CENTER TOWER II, 2 WEST 2ND ST, STE 900, TULSA, OK 74103;

AFFIDAVIT OF MAILING

I, Sally Howe Smith, Court Clerk of Tulsa County, hereby certify that on the 28th day of July, 2014 a true and correct copy of the foregoing Order was mailed to each of the attorneys listed above and a true and correct copy of the foregoing order was filed in each of the above foregoing cases.

SALLY HOWE SMITH, Court Clerk

Betty Steward, Deputy Clerk

# EXHIBIT 19

IN THE DISTRICT COURT OF TULSA COUNTY  **DISTRICT COURT**
STATE OF OKLAHOMA                       **F I L E D**

AUG - 6 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,                      )
                                   )
            Plaintiff,             )
                                   )
v.                                 )    Case No. CJ-2013-4766
                                   )    *Honorable Carlos Chappelle*
DEMETRIES DEERING, KARA            )
HUGHES, and LIBERTY MUTUAL         )
GROUP INC.                         )
                                   )
            Defendants.            )

## MOTION TO EXTEND EXISTING SCHEDULING ORDER DEADLINES

Defendant Liberty Mutual Group ("Liberty Mutual"), respectfully moves the Court for an extension of the existing scheduling order deadlines by ninety (90) days. Liberty Mutual attaches a Second Agreed Amended Scheduling Order, Exhibit A, containing the new deadlines.  In support of this Motion, Liberty Mutual states as follows:

1.    On April 3, 2014, the Court entered the Amended Agreed Scheduling Order.

2.    Since the Court's entry of the Amended Agreed Scheduling Order, Plaintiff filed a Motion to Amend Petition to Add Bad Faith Claim ("Plaintiff's Motion"). On July 28, 2104, the Court granted Plaintiff's Motion, ordered Plaintiff to file his amended petition within twenty (20) days, and ordered Defendant Liberty Mutual Group to file its Answer within twenty (20) days thereafter.  As a result, the parties

require additional time for discovery related to the bad faith claim.

3.     Liberty Mutual respectfully submits that a ninety (90) day continuance of the scheduling order deadlines is necessary.

4.     Plaintiff does not object to the requested extension. Plaintiff has agreed to the proposed dates and signed the Second Agreed Amended Scheduling Order attached as Exhibit A.

5.     Liberty Mutual respectfully requests that all remaining deadlines in the current Amended Agreed Scheduling Order be extended by ninety (90) days, as set forth in the Exhibit A.

6.     This extension is not sought for purposes of delay, but instead to allow adequate time for discovery.

## CONCLUSION

Defendant, Liberty Mutual Group, respectfully requests that the Court grant this Joint Motion and enter the Second Agreed Amended Scheduling Order, attached hereto as Exhibit A.

Respectfully submitted,

*William W. O'Connor/s/*

William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119
Telephone:    (918) 587-0101
Facsimile:    (918) 587-0102

**ATTORNEYS FOR DEFENDANT,
LIBERTY MUTUAL GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK 74502

**ATTORNEYS FOR PLAINTIFFS**

William W. O'Connor

-4-

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

MONSI LGGRKE,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )      Case No. CJ-2013-4766
                                       )      *Honorable Carlos Chappelle*
DEMETRIES DEERING, KARA                )
HUGHES, and LIBERTY MUTUAL             )
GROUP INC.                             )
                                       )
            Defendants.                )

## SECOND AGREED AMENDED SCHEDULING ORDER

This Order is entered this _____ day of August, 2014.

Counsel have discussed with the Court their respective need for adequate discovery time, complexity of legal issues to be addressed, and their caseload in arriving at this agreed Scheduling Order.

IT IS SO ORDERED that the following must be completed within the time fixed:

1. Parties shall exchange PRELIMINARY LISTS OF WITNESSES AND EXHIBITS by:                                          September 2, 2014

2. DISCOVERY must be completed by:                          November 25, 2014

3. DISPOSITIVE MOTIONS will not be considered if filed after:   December 10, 2014

4. SETTLEMENT CONFERENCE OR MEDIATION to be completed by:
                                                           December 29, 2104

5. PRETRIAL CONFERENCE DATE & TIME:                    _____
   (Jury Fee must be paid by time of pre-trial conference, 28 O.S. § 152.1 (B))

6. TRIAL DATE:                                             To be set at pretrial

EXHIBIT
A

7.   ESTIMATED TIME FOR TRIAL:                    1 week

8.   REQUESTED JURY INSTRUCTIONS must be filed by:   5 days prior to trial

9.   PROPOSED FINDING OF FACT AND CONCLUSIONS OF LAW (Non-Jury)
     must be filed by:                            n/a

10.  Trial Brief must be filed by:                 n/a

11.  ADDITIONAL ORDERS:
     (Non-Jury) must be field by:                  n/a

MEDICAL EXAMINATION OF Monsi L'Ggrke shall be completed no later than:
October 31, 2014.

THE MEDICAL EXAMINER shall submit the report to counsel requesting the
examination who shall submit a complete copy to all counsel, no later than:
November 14, 2014.

        No date set by this Order can be changed except for good cause on written
Order of this Court.


                                    _____
                                    Carlos Chappelle
                                    District Judge

- 2 -

We have presented to the Court our views of time requirements established by this Scheduling Order.

Trevor J. Furlong, OBA No. 20208
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK 74502

**ATTORNEY FOR PLAINTIFF**

William W. O'Connor, OBA No. 13200
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119

**ATTORNEY FOR LIBERTY MUTUAL GROUP**

- 3 -

# EXHIBIT 20





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

AUG - 6 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| MONSI LGGRKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - vs - | ) | Case No. CJ-2013-4766 |
| | ) | |
| DEMETRIES DEERING, KARA HUGHES | ) | Honorable Carlos Chapelle |
| And LIBERTY MUTUAL GROUP INC. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**FIRST AMENDED PETITION**</u>

COMES NOW, the Plaintiff by and through his attorneys of record, Mark L. Edwards and Trevor J. Furlong, and for his cause of action against the Defendants, Demetries Deering, Kara Hughes and Liberty Mutual Group Inc., alleges and states as follows:

1.      That the Plaintiff, Monsi L'Ggrke is a resident of the city of Tulsa, in Tulsa County, Oklahoma.

2.      That the Defendant, Demetries Deering, is a resident of the city of Tulsa, in Tulsa County, Oklahoma.

3.      That the Defendant, Kara Hughes, is a resident of the city of Tulsa, in Tulsa County, Oklahoma.

4.      That the Defendant Liberty Mutual Group Inc., is the Plaintiff's uninsured/ underinsured motorist carrier, at the time of the collision. Therefore, Plaintiff brings this action against Liberty Mutual Group Inc. to establish his rights to the underinsured motorist coverage.

5.      That the accident which gives rise to this action occurred on August 1, 2012 in Tulsa County, Oklahoma.



6.      That this Court has jurisdiction and venue in this matter.

7.      That the Plaintiff was without fault and that the damages from the accident were directly and proximately caused by and due to the negligence of the Defendant, Demetries Deering and Kara Hughes as set forth below.

8.      That on or about August 1, 2012 Plaintiff was a passenger in a vehicle that was stopped at a red light on E. 71st street in the westbound left turn lane on South Wheeling Avenue. Plaintiff was waiting to turn left when he was struck from behind by Demetries Deering.

9.      That Plaintiff, Monsi L'Ggrke sustained serious injuries to his neck as a result of the motor vehicle collision.

10.     Those neck injuries required surgery.

11.     Plaintiff continually requested Defendant, Liberty Mutual Group Inc., approve payment of the necessary medical treatment for his neck injury.

12.     Defendant, Liberty Mutual Group Inc., continually failed to respond to Plaintiff's requests.

13.     Multiple physicians' offices contacted Defendant, Liberty Mutual Group Inc., advising them of the necessity of the medical treatment of Plaintiff. Each time Liberty Mutual either denied the service or failed to respond.

14.     Plaintiff presented his claim to Defendant, Liberty Mutual Group Inc. They evaluated the claim well below the document medical expenses without any good faith basis to do so.

## COUNT I

15.     That Defendant, Demetries Deering, was negligent in striking the back of the

vehicle containing Plaintiff.

16.     That as a result of that negligence Plaintiff was injured and has suffered damages.

17.     That Plaintiff's damages include, but are not limited to past and future physical pain and suffering, past and future mental anguish, medical expenses and permanent injury.

18.     Wherefore, Plaintiff prays for a judgment against Defendant, Demetries Deering, in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT II

19.     That Defendant, Kara Hughes, was the owner of the vehicle driven by Defendant Demetries Deering when the aforementioned wreck occurred.

20.     That Defendant, Kara Hughes, negligently entrusted her vehicle to Defendant Demetries Deering.

21.     That as a result of that negligent entrustment Plaintiff was injured and has suffered damages.

22.     That Plaintiff's damages include, but are not limited to past and future physical pain and suffering, past and future mental anguish, medical expenses and permanent injury.

23.     Wherefore, Plaintiff prays for a judgment against Defendant, Kara Hughes, in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT III

24.     That Defendant, Liberty Mutual Group Inc., insured the Plaintiff Monsi L'Ggrke with an automobile policy that provided uninsured/underinsured motorist coverage.

25.     That Defendant's Demetries Deering and Kara Hughes were at the time of the aforementioned collision, uninsured or underinsured as defined in Plaintiff's policy with

Defendant Liberty Mutual Group Inc.

26.     That due to the nature and extent of Plaintiff's injuries, Defendant Liberty Mutual Group Inc., is bound to pay Plaintiff the limits of said policy, or $500,000.00.

27.     Wherefore, Plaintiff prays for a judgment against Defendant Liberty Mutual Group Inc. in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT IV

28.     That Defendant, Liberty Mutual Group Inc. had a contract to pay uninsured/underinsured motorist benefits to its insured and those occupants of the vehicle covered by Defendant, Liberty Mutual Group Inc.

29.     Plaintiff is the spouse and occupant of the a vehicle insured by Defendant, Liberty Mutual Group Inc.

30.     Defendant, Liberty Mutual Group Inc., has breached its contract with Plaintiff, Monsi L'Ggrke by failing to timely pay his claim.

31.     Defendant, Liberty Mutual Group Inc., has breached its contract with Plaintiff, Monsi L'Ggrke by failing to properly investigate the claim of Plaintiff.

32.     Defendant, Liberty Mutual Group Inc., has breached its contract with Plaintiff, Monsi L'Ggrke in other was to be determined through discovery.

33.     Wherefore, Plaintiff prays for a judgment against Defendant, Liberty Mutual Group Inc., in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT V

34.    That Defendant, Liberty Mutual Group Inc., had a duty to act in good faith when dealing with Plaintiff's underinsured/uninsured motorist claim.

35.    That the claim made by Plaintiff on the policy of Liberty Mutual Group, Inc. is a valid claim under the above mentioned insurance policy.

36.    Defendant, Liberty Mutual Group, Inc., is required to pay under its policy.

37.    Defendant, Liberty Mutual Group, Inc., did not perform a proper investigation.

38.    Defendant, Liberty Mutual Group, Inc., did not act properly on the results of their investigation.

39.    Defendant, Liberty Mutual Group, Inc., did not properly evaluate the results of its investigation properly.

40.    The amount offered on the claim of Plaintiff by Defendant, Liberty Mutual Group Inc., to satisfy the claim was unreasonably low.

41.    Defendant, Liberty Mutual Group, Inc., did not fairly and in good faith deal with Plaintiff.

42.    The violation by Defendant, Liberty Mutual Group, Inc., of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiff.

43. Wherefore, Plaintiff prays for a judgment against Defendant Liberty Mutual Group Inc. in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

**JURY TRIAL DEMAND RESERVED**
**ATTORNEY LIEN CLAIMED**

Respectfully submitted,

THE EDWARDS LAW FIRM

Mark L. Edwards, OBA # 16570
Trevor J. Furlong, OBA#20208
The Edwards Law Firm
P.O. Box 1066
McAlester, OK. 74848
(918) 302-3700
(918) 302-3701
ATTORNEY FOR PLAINTIFF

# EXHIBIT 21

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
AUG - 8 2014
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,                    )
                                 )
              Plaintiff,         )
                                 )
v.                               )         Case No. CJ-2013-4766
                                 )         *Honorable Carlos Chappelle*
DEMETRIES DEERING, KARA          )
HUGHES, and LIBERTY MUTUAL       )
GROUP INC.                       )
                                 )
              Defendants.        )

## SECOND AGREED AMENDED SCHEDULING ORDER

This Order is entered this ___8th___ day of August, 2014.

Counsel have discussed with the Court their respective need for adequate discovery time, complexity of legal issues to be addressed, and their caseload in arriving at this agreed Scheduling Order.

**IT IS SO ORDERED** that the following must be completed within the time fixed:

1. Parties shall exchange PRELIMINARY LISTS OF WITNESSES AND
   EXHIBITS by:                                    September 2, 2014

2. DISCOVERY must be completed by:                 November 25, 2014

3. DISPOSITIVE MOTIONS will not be considered if filed after:   December 10,
   2014

4. SETTLEMENT CONFERENCE OR MEDIATION to be completed by:
                                                   December 29, 2104

5. PRETRIAL CONFERENCE DATE & TIME:        *Feb 5, 2015 @ 1:30PM*
   **(Jury Fee must be paid by time of pre-trial conference, 28 O.S. § 152.1 (B))**

6. TRIAL DATE:                                     To be set at pretrial

7. ESTIMATED TIME FOR TRIAL:                          1 week

8. REQUESTED JURY INSTRUCTIONS must be filed by:      5 days prior to trial

9. PROPOSED FINDING OF FACT AND CONCLUSIONS OF LAW (Non-Jury)
   must be filed by:                                  n/a

10. Trial Brief must be filed by:                     n/a

11. ADDITIONAL ORDERS:
    (Non-Jury) must be field by:                      n/a

MEDICAL EXAMINATION OF Monsi L'Ggrke shall be completed no later than:
October 31, 2014.

THE MEDICAL EXAMINER shall submit the report to counsel requesting the
examination who shall submit a complete copy to all counsel, no later than:
November 14, 2014

        No date set by this Order can be changed except for good cause on written
Order of this Court.

                                        _____
                                        Carlos Chappelle
                                        District Judge

- 2 -

We have presented to the Court our views of time requirements established by this Scheduling Order.

Trevor J. Furlong, OBA No. 20208
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK 74502

**ATTORNEY FOR PLAINTIFF**

William W. O'Connor, OBA No. 13200
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119

**ATTORNEY FOR LIBERTY MUTUAL GROUP**

- 3 -

# EXHIBIT 22





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY

**DISTRICT COURT**
**FILED**

STATE OF OKLAHOMA

SEP 2 - 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| MONSI LGGRKE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - vs - | ) | Case No. CJ-2013-4766 |
| | ) | |
| DEMETRIES DEERING, KARA HUGHES | ) | Honorable Carlos Chapelle |
| And LM GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED PETITION

COMES NOW, the Plaintiff by and through his attorneys of record, Mark L. Edwards

and Trevor J. Furlong, and for his cause of action against the Defendants, Demetries Deering,

Kara Hughes and LM General Insurance Company, alleges and states as follows:

1.    That the Plaintiff, Monsi L'Ggrke is a resident of the city of Tulsa, in Tulsa

County, Oklahoma.

2.    That the Defendant, Demetries Deering, is a resident of the city of Tulsa, in Tulsa

County, Oklahoma.

3.    That the Defendant, Kara Hughes, is a resident of the city of Tulsa, in Tulsa

County, Oklahoma.

4.    That the Defendant LM General Insurance Company, is the Plaintiff's uninsured/

underinsured motorist carrier, at the time of the collision. Therefore, Plaintiff brings this action

against LM General Insurance Company to establish his rights to the underinsured motorist

coverage.



5.     That the accident which gives rise to this action occurred on August 1, 2012 in Tulsa County, Oklahoma.

6.     That this Court has jurisdiction and venue in this matter.

7.     That the Plaintiff was without fault and that the damages from the accident were directly and proximately caused by and due to the negligence of the Defendant, Demetries Deering and Kara Hughes as set forth below.

8.     That on or about August 1, 2012 Plaintiff was a passenger in a vehicle that was stopped at a red light on E. 71st street in the westbound left turn lane on South Wheeling Avenue. Plaintiff was waiting to turn left when he was struck from behind by Demetries Deering.

9.     That Plaintiff, Monsi L'Ggrke sustained serious injuries to his neck as a result of the motor vehicle collision.

10.    Those neck injuries required surgery.

11.    Plaintiff continually requested Defendant, LM General Insurance Company approve payment of the necessary medical treatment for his neck injury.

12.    Defendant, LM General Insurance Company, continually failed to respond to Plaintiff's requests.

13.    Multiple physicians' offices contacted Defendant, LM General Insurance Company, advising them of the necessity of the medical treatment of Plaintiff.  Each time LM General Insurance Company either denied the service or failed to respond.

14.    Plaintiff presented his claim to Defendant, LM General Insurance Company. They evaluated the claim well below the document medical expenses without any good faith basis to do so.

## COUNT I

15.     That Defendant, Demetries Deering, was negligent in striking the back of the vehicle containing Plaintiff.

16.     That as a result of that negligence Plaintiff was injured and has suffered damages.

17.     That Plaintiff's damages include, but are not limited to past and future physical pain and suffering, past and future mental anguish, medical expenses and permanent injury.

18.     Wherefore, Plaintiff prays for a judgment against Defendant, Demetries Deering, in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT II

19.     That Defendant, Kara Hughes, was the owner of the vehicle driven by Defendant Demetries Deering when the aforementioned wreck occurred.

20.     That Defendant, Kara Hughes, negligently entrusted her vehicle to Defendant Demetries Deering.

21.     That as a result of that negligent entrustment Plaintiff was injured and has suffered damages.

22.     That Plaintiff's damages include, but are not limited to past and future physical pain and suffering, past and future mental anguish, medical expenses and permanent injury.

23.     Wherefore, Plaintiff prays for a judgment against Defendant, Kara Hughes, in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT III

24.     That Defendant, LM General Insurance Company, insured the Plaintiff Monsi L'Ggrke with an automobile policy that provided uninsured/underinsured motorist coverage.

25.    That Defendant's Demetries Deering and Kara Hughes were at the time of the aforementioned collision, uninsured or underinsured as defined in Plaintiff's policy with Defendant, LM General Insurance Company.

26.    That due to the nature and extent of Plaintiff's injuries, Defendant, LM General Insurance Company, is bound to pay Plaintiff the limits of said policy, or $500,000.00.

27.    Wherefore, Plaintiff prays for a judgment against Defendant, LM General Insurance Company in an amount in excess of $75,000.00, his costs, and other relief to which he may be entitled.

## COUNT IV

28.    That Defendant, LM General Insurance Company, had a contract to pay uninsured/underinsured motorist benefits to its insured and those occupants of the vehicle covered by Defendant, LM General Insurance Company.

29.    Plaintiff is the spouse and occupant of the a vehicle insured by Defendant, LM General Insurance Company.

30.    Defendant, LM General Insurance Company, has breached its contract with Plaintiff, Monsi L'Ggrke by failing to timely pay his claim.

31.    Defendant, LM General Insurance Company, has breached its contract with Plaintiff, Monsi L'Ggrke by failing to properly investigate the claim of Plaintiff.

32.    Defendant, LM General Insurance Company, has breached its contract with Plaintiff, Monsi L'Ggrke in other was to be determined through discovery.

33.    Wherefore, Plaintiff prays for a judgment against Defendant, LM General Insurance Company, in an amount in excess of $75,000.00, his costs, and other relief to which he

may be entitled.

## COUNT V

34.    That Defendant, LM General Insurance Company, had a duty to act in good faith when dealing with Plaintiff's underinsured/uninsured motorist claim.

35.    That the claim made by Plaintiff on the policy of LM General Insurance Company is a valid claim under the above mentioned insurance policy.

36.    Defendant, LM General Insurance Company, is required to pay under its policy.

37.    Defendant, LM General Insurance Company, did not perform a proper investigation.

38.    Defendant, LM General Insurance Company, did not act properly on the results of their investigation.

39.    Defendant, LM General Insurance Company, did not properly evaluate the results of its investigation properly.

40.    The amount offered on the claim of Plaintiff by Defendant, LM General Insurance Company, to satisfy the claim was unreasonably low.

41.    Defendant, LM General Insurance Company, did not fairly and in good faith deal with Plaintiff.

42.    The violation by Defendant, LM General Insurance Company, of its duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiff.

43. Wherefore, Plaintiff prays for a judgment against Defendant, LM General Insurance Company, in an amount in excess of $75,000.00, his costs, and other relief to which he may be

entitled.

**JURY TRIAL DEMAND RESERVED**
**ATTORNEY LIEN CLAIMED**

Respectfully submitted,

THE EDWARDS LAW FIRM

Mark L. Edwards, OBA # 16570
Trevor J. Furlong, OBA#20208
The Edwards Law Firm
P.O. Box 1066
McAlester, OK. 74848
(918) 302-3700
(918) 302-3701
ATTORNEY FOR PLAINTIFF

# EXHIBIT 23

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

SEP 3 - 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE, )
)
Plaintiff, )
)
v. )  Case No. CJ-2013-4766
)  *Honorable Carlos Chappelle*
DEMETRIES DEERING, KARA )
HUGHES, and LIBERTY MUTUAL )
GROUP INC. )
)
Defendants. )

**DEFENDANT LM GENERAL INSURANCE COMPANY'S**
**MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER**

Defendant LM General Insurance Company ("Defendant") respectfully moves

the Court for entry of an Agreed Protective Order in the subject litigation.   In support of

this Motion, Defendant states as follows:

1.     Discovery in this litigation may involve the production of information that

includes disclosure of confidential, trade secret, proprietary, technical, business, and/or

financial information of the parties or of non-parties, including, but not limited to, claims

handling policies and procedures, claims handling training materials, and other claims

handling documents.

2.     The Agreed Protective Order requested provides a mechanism to protect

the disclosure of such information, except for the legitimate purposes of this litigation.

3.     Counsel for Defendant has contacted counsel for Plaintiff to determine whether Plaintiff approves the proposed Agreed Protective Order.   Plaintiff's counsel has advised that he approves and has signed the Agreed Protective Order, attached hereto as Exhibit 1.

Defendant LM General Insurance Company respectfully requests that the Court enter the proposed Agreed Protective Order, attached hereto as Exhibit 1.

Respectfully submitted,


William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON O'CONNOR TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile

**ATTORNEYS FOR DEFENDANT LM GENERAL
INSURANCE COMPANY**

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
PO BOX 1066
McAlester, OK   74502

**ATTORNEYS FOR PLAINTIFF**

Lindy H. Collins

3

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| MONSI LGGRKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2013-4766 |
| | ) | *Honorable Carlos Chappelle* |
| DEMETRIES DEERING, KARA | ) | |
| HUGHES, and LIBERTY MUTUAL | ) | |
| GROUP INC. | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

Plaintiff Monsi L'Ggrke and Defendant LM General Insurance Company acknowledge that certain documents produced in this action may contain trade secret, confidential research, development or commercial information, or personal confidential information. The parties, by and through their attorneys of record, therefore agree and it is hereby ordered as follows:

1.      Any party may designate as "confidential" any documents or any portion of a document produced by it in this litigation. The party making the designation of confidential material represents that it has done so after a bona fide determination made in good faith that the material is in fact a trade secret, confidential research, development, or commercial information, or personal confidential information. Each document or portion of a document the party in good faith believes to contain trade

EXHIBIT
1

secret, confidential research, development, or commercial information, or personal confidential information shall be marked "Confidential" or "Subject to Protective Order." The party shall take care that its designation does not obscure or render illegible the information on the document so designated.

2.      Any party may designate as "confidential" a deposition or portion of a deposition taken in this matter by stating on the record that the party is designating the deposition or a portion of the deposition "confidential" or by advising the court reporter and counsel for all other parties, in writing, within twenty (20) days of receiving the deposition transcript of the page(s) and lines of the deposition that the party deems "confidential."

3.      As used in this Protective Order:

   a.  "Trade secret" shall have the same meaning as in 78 O.S. § 86(4).

   b.  "Confidential research, development or commercial information" shall refer to information that is maintained in secrecy from third parties and which would result in substantial competitive harm if publicly disclosed.

   c.  "Personal confidential information" shall include a person's social security number, medical records, personnel file, bank records, tax information, and other sensitive, non-public information.

4.      Any party may challenge any other party's designation of a document or portion of a document as "Confidential" or "Subject to Protective Order." A party shall

2

not be obliged to challenge the propriety of a "Confidential" or "Subject to Protective Order" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation takes issue at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The producing party shall respond, in writing, within ten (10) days, by stating whether it agrees or disagrees that designation should be removed. The parties shall attempt to dispose of such dispute in good faith on an informal basis. If the parties are unable to reach an agreement, the producing party shall have twenty (20) days to seek relief from the Court. If the producing party fails to seek relief within the time prescribed, the document shall no longer be subject to this Protective Order. The fact a document has been designated as "Confidential" or "Subject to Protective Order" shall not create a presumption the document is, in fact, confidential or entitled to protection by this Protective Order. The burden of establishing that a document contains trade secret, confidential research, development, or commercial information, or personal confidential information and is entitled to the protection of this Protective Order shall remain on the party making the designation. Further, a party's agreement to this Protective Order does not prejudice the party's right to move the Court to lift the Protective Order for good cause.

3

5.    Documents designated as "Confidential" or "Subject to Protective Order" may be disclosed only to the following persons, unless prior written consent to further disclosure has been obtained from counsel for the designating party or permission for such disclosure has been given by the Court:

a.  The Court under seal pursuant to the terms of this Order;

b.  The attorneys working on this action on behalf of any party, including inside, outside and consulting counsel, their legal associates, paralegals, and employees working under the supervision of such counsel;

c.  Any director, officer or employee of a party who is required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

d.  Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(b) to assist in the prosecution or defense of this action, including outside experts and their employees;

e.  Any actual or potential deposition or trial witnesses; and

f.  Any mediator mutually agreed upon by the parties.

The persons described in paragraphs (c), (d), and (e) shall have access to "Confidential" material only after they have been made aware of the terms of this Order and have manifested their assent to be bound thereby.

4

6.      It shall not be deemed a violation of this Order for counsel to disseminate documents designated as "Confidential" or "Subject to Protective Order" at deposition or as part of their filings with the Court. In the event that any "Confidential" material is used in any deposition, filing or court proceeding during the course of this litigation, it shall not lose its "Confidential" status through such use. Any material designated as "Confidential" under this Order shall, when filed with the Court, be submitted in a sealed envelope or other container, and shall be prominently labeled on the first page:

"Contains Confidential Information - Subject to Court Order"

Any documents marked as "Confidential" pursuant to this Protective Order that are admitted into evidence at trial of this matter will lose their confidential status unless otherwise ordered by this Court at the request of the producing party.

7.      This Protective Order is not intended to preclude use or disclosure of any document or information which is in the public domain, or which has been provided to a party, his/her/its attorneys or experts, by a source independent of the designating party or his/her/its attorney.

8.      Any of the undersigned may request the Court to modify or otherwise grant relief from any provision of this Order. Nothing in this Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

5

9.    Nothing in this Order shall be construed as a waiver of any rights by any party with respect to matters not specifically provided for herein.

10.    This Court shall retain jurisdiction to enforce this Protective Order and decide any issues relating to or arising from it.  If the terms of this Protective Order are violated, the Court may grant such relief to the producing party as is just and necessary.

11.    The terms and conditions of this Order shall remain in full force and effect and shall survive the final resolution of this litigation unless the Order is terminated or modified in writing by the parties or by further order of the Court.

12.    All requests made by a party for a document to be filed "under seal" in accordance with this Order shall be made by motion and conform to the requirements set forth in 12 O.S. § 3226(C)(2), 51 O.S. § 24A.29, and Local Rule 10.1.

IT IS SO ORDERED THIS _____ day of _____, 2014.


_____
The Honorable Carlos Chappelle
Judge of the District Court

6

Approved:                                    Approved:

_____                      _____

Trevor J. Furlong   OBA # 20208              William W. O'Connor, OBA #13200
THE EDWARDS LAW FIRM                         Lindy H. Collins, OBA #30579
321 S. Third Street, Suite 1                 NEWTON O'CONNOR TURNER &
P.O. Box 1066                                    KETCHUM, PC
McAlester, OK 74502                          15 West Sixth Street, Suite 2700
                                             Tulsa, OK  74119-5423
**ATTORNEYS FOR PLAINTIFF**
                                             **ATTORNEYS FOR DEFENDANT**

7

# EXHIBIT 24

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

SEP 4 - 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )   Case No. CJ-2013-4766
                                 )   *Honorable Carlos Chappelle*
DEMETRIES DEERING, KARA          )
HUGHES, and LIBERTY MUTUAL       )
GROUP INC.                       )
                                 )
        Defendants.              )

---

## AGREED PROTECTIVE ORDER

---

Plaintiff Monsi L'Ggrke and Defendant LM General Insurance Company

acknowledge that certain documents produced in this action may contain trade secret,

confidential research, development or commercial information, or personal confidential

information.  The parties, by and through their attorneys of record, therefore agree and

it is hereby ordered as follows:

1.      Any party may designate as "confidential" any documents or any portion

of a document produced by it in this litigation.  The party making the designation of

confidential material represents that it has done so after a bona fide determination

made in good faith that the material is in fact a trade secret, confidential research,

development, or commercial information, or personal confidential information.  Each

document or portion of a document the party in good faith believes to contain trade

secret, confidential research, development, or commercial information, or personal confidential information shall be marked "Confidential" or "Subject to Protective Order." The party shall take care that its designation does not obscure or render illegible the information on the document so designated.

2.      Any party may designate as "confidential" a deposition or portion of a deposition taken in this matter by stating on the record that the party is designating the deposition or a portion of the deposition "confidential" or by advising the court reporter and counsel for all other parties, in writing, within twenty (20) days of receiving the deposition transcript of the page(s) and lines of the deposition that the party deems "confidential."

3.      As used in this Protective Order:

a. "Trade secret" shall have the same meaning as in 78 O.S. § 86(4).

b. "Confidential research, development or commercial information" shall refer to information that is maintained in secrecy from third parties and which would result in substantial competitive harm if publicly disclosed.

c. "Personal confidential information" shall include a person's social security number, medical records, personnel file, bank records, tax information, and other sensitive, non-public information.

4.      Any party may challenge any other party's designation of a document or portion of a document as "Confidential" or "Subject to Protective Order." A party shall

2

not be obliged to challenge the propriety of a "Confidential" or "Subject to Protective Order" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation takes issue at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The producing party shall respond, in writing, within ten (10) days, by stating whether it agrees or disagrees that designation should be removed. The parties shall attempt to dispose of such dispute in good faith on an informal basis. If the parties are unable to reach an agreement, the producing party shall have twenty (20) days to seek relief from the Court. If the producing party fails to seek relief within the time prescribed, the document shall no longer be subject to this Protective Order. The fact a document has been designated as "Confidential" or "Subject to Protective Order" shall not create a presumption the document is, in fact, confidential or entitled to protection by this Protective Order. The burden of establishing that a document contains trade secret, confidential research, development, or commercial information, or personal confidential information and is entitled to the protection of this Protective Order shall remain on the party making the designation. Further, a party's agreement to this Protective Order does not prejudice the party's right to move the Court to lift the Protective Order for good cause.

5.    Documents designated as "Confidential" or "Subject to Protective Order" may be disclosed only to the following persons, unless prior written consent to further disclosure has been obtained from counsel for the designating party or permission for such disclosure has been given by the Court:

a.  The Court under seal pursuant to the terms of this Order;

b.  The attorneys working on this action on behalf of any party, including inside, outside and consulting counsel, their legal associates, paralegals, and employees working under the supervision of such counsel;

c.  Any director, officer or employee of a party who is required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

d.  Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(b) to assist in the prosecution or defense of this action, including outside experts and their employees;

e.  Any actual or potential deposition or trial witnesses; and

f.  Any mediator mutually agreed upon by the parties.

The persons described in paragraphs (c), (d), and (e) shall have access to "Confidential" material only after they have been made aware of the terms of this Order and have manifested their assent to be bound thereby.

4

6.     It shall not be deemed a violation of this Order for counsel to disseminate documents designated as "Confidential" or "Subject to Protective Order" at deposition or as part of their filings with the Court. In the event that any "Confidential" material is used in any deposition, filing or court proceeding during the course of this litigation, it shall not lose its "Confidential" status through such use. Any material designated as "Confidential" under this Order shall, when filed with the Court, be submitted in a sealed envelope or other container, and shall be prominently labeled on the first page:

"Contains Confidential Information - Subject to Court Order"

Any documents marked as "Confidential" pursuant to this Protective Order that are admitted into evidence at trial of this matter will lose their confidential status unless otherwise ordered by this Court at the request of the producing party.

7.     This Protective Order is not intended to preclude use or disclosure of any document or information which is in the public domain, or which has been provided to a party, his/her/its attorneys or experts, by a source independent of the designating party or his/her/its attorney.

8.     Any of the undersigned may request the Court to modify or otherwise grant relief from any provision of this Order. Nothing in this Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

9.      Nothing in this Order shall be construed as a waiver of any rights by any party with respect to matters not specifically provided for herein.

10.     This Court shall retain jurisdiction to enforce this Protective Order and decide any issues relating to or arising from it.  If the terms of this Protective Order are violated, the Court may grant such relief to the producing party as is just and necessary.

11.     The terms and conditions of this Order shall remain in full force and effect and shall survive the final resolution of this litigation unless the Order is terminated or modified in writing by the parties or by further order of the Court.

12.     All requests made by a party for a document to be filed "under seal" in accordance with this Order shall be made by motion and conform to the requirements set forth in 12 O.S. § 3226(C)(2), 51 O.S. § 24A.29, and Local Rule 10.1.

IT IS SO ORDERED THIS 4th day of _____, 2014.


CARLOS J. CHAPPELLE
The Honorable Carlos Chappelle
Judge of the District Court

6

Approved:

Trevor J. Furlong   OBA # 20208
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 1
P.O. Box 1066
McAlester, OK 74502

**ATTORNEYS FOR PLAINTIFF**

Approved:

William W. O'Connor, OBA #13200
Lindy H. Collins, OBA #30579
NEWTON O'CONNOR TURNER &
   KETCHUM, PC
15 West Sixth Street, Suite 2700
Tulsa, OK  74119-5423

**ATTORNEYS FOR DEFENDANT**

7

# EXHIBIT 25

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| MONSI LGGRKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2013-4766 |
| | ) | *Honorable Carlos Chappelle* |
| DEMETRIES DEERING, KARA | ) | |
| HUGHES, LIBERTY MUTUAL | ) | |
| GROUP INC., and LM GENERAL | ) | DISTRICT COURT |
| INSURANCE COMPANY, | ) | F I L E D |
| | ) | |
| Defendants. | ) | SEP 1 2 2014 |

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA  TULSA COUNTY

**LIBERTY MUTUAL GROUP INC.'S
NOTICE OF DISMISSAL OF CROSS-CLAIMS WITHOUT PREJUDICE
AS TO DEFENDANTS DEMETRIES DEERING AND KARA HUGHES**

Defendant Liberty Mutual Group Inc. hereby dismisses their cross-claims against

Defendants Demetries Deering and Kara Hughes without prejudice, with each party to

bear their own attorney's fees and costs.

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma  74119
Telephone:    (918) 587-0101
Facsimile:    (918) 587-0102

**ATTORNEYS FOR DEFENDANT,
LIBERTY MUTUAL GROUP INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
P.O. Box 1066
McAlester, OK 74848

**ATTORNEYS FOR PLAINTIFFS**

Lindy H. Collins

2

# EXHIBIT 26

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

MONSI LGGRKE,                        )
                                     )
            Plaintiff,               )
                                     )
v.                                   )      Case No. CJ-2013-4766
                                     )      *Honorable Carlos Chappelle*
DEMETRIES DEERING, KARA              )
HUGHES, LIBERTY MUTUAL               )
GROUP INC., and LM GENERAL           )      DISTRICT COURT
INSURANCE COMPANY,                   )      F I L E D
                                     )
            Defendants.              )      SEP 1 2 2014

                                            SALLY HOWE SMITH, COURT CLERK
                                            STATE OF OKLA. TULSA COUNTY

ANSWER OF LM GENERAL INSURANCE COMPANY
TO PLAINTIFF'S SECOND AMENDED PETITION

Defendant LM General Insurance Company (hereafter, "Liberty Mutual"), for its

Answer to Plaintiff's Second Amended Petition, alleges and states as follows:

1.      Liberty Mutual is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 1 of the Second Amended Petition

and, therefore, denies the same.

2.      Liberty Mutual is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 2 of the Second Amended Petition

and, therefore, denies the same.

3.      Liberty Mutual is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 3 of the Second Amended Petition

and, therefore, denies the same.

4.      Liberty Mutual denies the allegations of Paragraph 4 of the Second Amended Petition.

5.      Liberty Mutual admits the allegations of Paragraph 5 of the Second Amended Petition.

6.      Liberty Mutual admits the allegations of Paragraph 6 of the Second Amended Petition.

7.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Second Amended Petition and, therefore, denies the same.

8.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Petition and, therefore, denies the same.

9.      Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Petition and, therefore, denies the same.

10.     Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Petition and, therefore, denies the same.

11.     Liberty Mutual denies the allegations of Paragraph 11 of the Second Amended Petition.

2

12.   Liberty Mutual denies the allegations of Paragraph 12 of the Second Amended Petition.

13.   Liberty Mutual denies the allegations of Paragraph 13 of the Second Amended Petition.

14.   Liberty Mutual denies the allegations of Paragraph 14 of the Second Amended Petition.

15.   Liberty Mutual is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 through Paragraph 23 of the Second Amended Petition, as such allegations pertain to Defendants other than Liberty Mutual, and, therefore, denies the same.

16.   Liberty Mutual denies the allegations of Paragraph 24 of the Second Amended Petition.

17.   Liberty Mutual denies the allegations of Paragraph 25 of the Second Amended Petition.

18.   Liberty Mutual denies the allegations of Paragraph 26 of the Second Amended Petition.

19.   Liberty Mutual denies the allegations of Paragraph 27 of the Second Amended Petition, and further states that Plaintiff is not entitled to any relief whatsoever.

3

20.     Liberty Mutual denies the allegations contained in Paragraph 28 as such allegations constitute legal conclusions to which no answer is required.

21.     Liberty Mutual admits the allegations of Paragraph 29 of the Second Amended Petition.

22.     Liberty Mutual denies the allegations of Paragraph 30 of the Second Amended Petition.

23.     Liberty Mutual denies the allegations of Paragraph 31 of the Second Amended Petition.

24.     Liberty Mutual denies the allegations of Paragraph 32 of the Second Amended Petition.

25.     Liberty Mutual denies the allegations of Paragraph 33 of the Second Amended Petition, and further states that Plaintiff is not entitled to any relief whatsoever.

26.     Liberty Mutual admits that it owes a duty of good faith and fair dealing to its insureds in accordance with Oklahoma law, but denies the remainder of the allegations of Paragraph 34 of the Second Amended Petition.

27.     Liberty Mutual denies the allegations of Paragraph 35 of the Second Amended Petition.

28.     Liberty Mutual denies the allegations of Paragraph 36 of the Second Amended Petition.

4

29.     Liberty Mutual denies the allegations of Paragraph 37 of the Second Amended Petition.

30.     Liberty Mutual denies the allegations of Paragraph 38 of the Second Amended Petition.

31.     Liberty Mutual denies the allegations of Paragraph 39 of the Second Amended Petition.

32.     Liberty Mutual denies the allegations of Paragraph 40 of the Second Amended Petition.

33.     Liberty Mutual denies the allegations of Paragraph 41 of the Second Amended Petition.

34.     Liberty Mutual denies the allegations of Paragraph 42 of the Second Amended Petition.

35.     Liberty Mutual denies the allegations of Paragraph 43 of the Second Amended Petition, and further states that Plaintiff is not entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

Liberty Mutual, by way of further answer and defense, but not in diminution or derogation of the admissions or denials set forth hereinabove, and subject to amendment at the conclusion of all pretrial discovery, alleges and states as follows:

5

36.     Plaintiff's Second Amended Petition fails to state a claim against Liberty Mutual upon which relief can be granted.

37.     The subject policy was issued by and the subject coverage is provided under LM General Insurance Company and not Liberty Mutual Group Inc., which is not a proper party to this action.

38.     Plaintiff has failed to satisfy conditions precedent and subsequent to recovery of benefits under the applicable policy.

39.     The terms and conditions of the applicable policy do not entitle Plaintiff to payment of any benefits thereunder.

40.     At all times in the course of its dealings with Plaintiff, Liberty Mutual acted reasonably, fairly, in good faith, and in conformity with the terms and conditions of the applicable policy.

41.     Plaintiff's claims are barred by the doctrine of waiver, estoppel, and laches.

42.     An award of punitive damages under the alleged facts would violate the Due Process, Equal Protection, and Excessive Fines clauses of the Constitutions of the United States and the State of Oklahoma.

43.     Plaintiff's claims are barred by the economic loss doctrine.

44.     Liberty Mutual hereby incorporates all of the provisions, exclusions and conditions contained within its policy of insurance under which Plaintiff purportedly

6

brings this action.   Applying these provisions, any recovery is barred or must be reduced accordingly.

45.   Liberty Mutual owes no fiduciary duty to Plaintiff.

46.   Liberty Mutual reserves the right to assert additional defenses revealed in the course of discovery.

Defendant LM General Insurance Company, having answered Plaintiff's Second Amended Petition, asks that Plaintiff take nothing by way of the Second Amended Petition and that the case be dismissed, judgment be rendered for LM General Insurance Company, and that LM General Insurance Company be awarded all costs, attorneys' fees and other such relief as the Court may deem just and equitable in the premises.  LM General Insurance Company further reserves leave to Answer to allege any additional defenses or affirmative defenses which investigation and discovery may reveal.

Respectfully submitted,

*Lindy H. Collins / WW*

William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119
Telephone:   (918) 587-0101
Facsimile:   (918) 587-0102
ATTORNEYS FOR DEFENDANT,
LM GENERAL INSURANCE COMPANY

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Trevor J. Furlong
THE EDWARDS LAW FIRM
P.O. Box 1066
McAlester, OK 74848

**ATTORNEYS FOR PLAINTIFFS**

Lindy H. Collins

8

# EXHIBIT 27

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

SEP 1 6 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

MONSI LGGRKE,                    )
                                 )
            Plaintiff,           )
                                 )
v.                               )     Case No. CJ-2013-4766
                                 )     *Honorable Carlos Chappelle*
DEMETRIES DEERING, KARA          )
HUGHES, LIBERTY MUTUAL           )
GROUP INC., and LM GENERAL       )
INSURANCE COMPANY,               )
                                 )
            Defendants.          )

**NOTICE OF DISMISSAL WITHOUT PREJUDICE
AS TO DEFENDANT LIBERTY MUTUAL GROUP, INC.**

Plaintiff Monsi L'Ggrke hereby dismisses the above-styled case against Defendant Liberty Mutual Group, Inc., without prejudice, with each party to bear their own attorney's fees and costs.

Respectfully submitted,

Trevor J. Furlong , OBA # 20208
THE EDWARDS LAW FIRM
321 S. Third Street, Suite 7
P.O. Box 1066
McAlester, OK 74502

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___16th___ day of ___September___ 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

**William W. O'Connor**, OBA No. 13200
**Lindy H. Collins**, OBA No. 30579
NEWTON, O'CONNOR, TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119

**ATTORNEYS FOR DEFENDANT,
LIBERTY MUTUAL GROUP, INC.**

Trevor Furlong

2