# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONSI L'GGRKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 14-CV-0551-CVE-FHM |
| DEMETRIES DEERING, KARA HUGHES, and LM GENERAL INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Remand (Dkt. # 7). Plaintiff Monsi L'Ggrke asks the Court to remand this case to Tulsa County District Court because the parties are not completely diverse and the Court lacks subject matter jurisdiction. Defendant LM General Insurance Company (LM) argues that plaintiff has failed to prosecute his claims against defendants Demetries Deering and Kara Hughes, and LM claims that Deering and Hughes were fraudulently joined as parties solely for the purpose of preventing removal based on diversity jurisdiction.

### I.

L'Ggrke alleges that he was a passenger in a vehicle stopped at a red light at the intersection of East 71st Street and South Wheeling Avenue in Tulsa, Oklahoma, and he claims that his vehicle was struck from behind by a vehicle driven by Deering. Dkt. # 2, at 16. L'Ggrke states that Deering was driving a vehicle owned by Hughes. Id. On October 16, 2013, L'Ggrke filed this case in Tulsa County District Court alleging a negligence claim against Deering and a negligent entrustment claim against Hughes. Id. L'Ggrke also alleged that Liberty Mutual Group Inc. breached an insurance contract by failing to pay L'Ggrke uninsured or underinsured motorist benefits. Id. at 17. The

parties agree that Deering, Hughes, and L'Ggerke are citizens of Oklahoma for the purpose of diversity jurisdiction. Dkt. # 2, at 2, 15.

L'Ggrke served Liberty Mutual Group, Inc., Deering, and Hughes, but only Liberty Mutual Group, Inc. answered the petition. Dkt. # 2, at 10-11. L'Ggrke filed a motion for leave to file an amended petition adding a bad faith claim against Liberty Mutual Group, Inc., and the motion was granted. Id. at 12. L'Ggrke filed an amended petition asserting breach of contract and bad faith claims against Liberty Mutual Group, Inc., but he subsequently filed a second amended petition removing Liberty Mutual Group, Inc. as a party and asserting breach of contract and bad faith claims against LM. Id. at 88. LM is a corporation organized under the laws of Illinois and it maintains its principal place of business in Boston, Massachusetts. Id. at 2. LM removed the case to this Court on the basis of diversity jurisdiction, even though Deering, Hughes, and L'Ggerke are all citizens of Oklahoma for the purpose of diversity jurisdiction. LM claims that Deering and Hughes were joined as parties "only to frustrate federal jurisdiction," and it states that:

> The evidence in the record demonstrates that Plaintiff has failed to prosecute his case against Defendants Deering and Hughes. Significantly, Plaintiff has not requested issuance of summons or served Defendants Deering or Hughes with the First Amended Petition or Second Amended Petition. Neither Defendant Deering, nor Defendant Hughes has ever filed an answer or motion in the state court action. Plaintiff has not served Deering or Hughes with any discovery requests, nor have Defendants Deering or Hughes served Plaintiff with discovery requests. Plaintiff has not served Defendants Deering or Hughes with any pleadings since inception of this action.

Id.

**II.**

Plaintiff asks the Court to remand this case to Tulsa County District Court because the parties are not completely diverse and the Court lacks subject matter jurisdiction. Dkt. # 7. LM responds that plaintiff has failed to prosecute his claims against Deering and Hughes, and it asks the Court to disregard Deering and Hughes as parties in determining whether the Court has subject matter jurisdiction. Dkt. # 13.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If defendants can show that the non-diverse defendants, Deering and Hughes, were fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). To prove that a party has been fraudulently joined, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc.,

329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.3d at 246 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

LM focuses on plaintiff's failure to prosecute his claims against Deering and Hughes, and it argues that plaintiff's inaction is sufficient evidence that Deering and Hughes were fraudulently joined as parties for the purpose of defeating diversity jurisdiction. LM argues that plaintiff has failed to serve pleadings on Deering and Hughes, including the first and second amended petition, and plaintiff mailed a copy of the second amended petition to Deering and Hughes only after the case was removed to this Court. Dkt. # 13, at 8. There is no dispute that plaintiff has failed to serve any discovery requests on Deering or Hughes and that plaintiff has not taken their depositions. Dkt. # 7, at 4; Dkt. # 13, at 10-11. The state court docket sheet also shows that Deering and Hughes were served with the a summons and a copy of the original petition, but they have not filed a responsive pleading and plaintiff has not sought the entry of default judgment against them. Plaintiff's response to these facts is "so what." Dkt. # 7, at 3. Plaintiff acknowledges that he has not requested any discovery from Deering or Hughes and that he has not sought to have default judgment entered against Deering or Hughes, but he argues that defendant lacks standing to challenge the manner in which plaintiff prosecutes his claims against Deering and Hughes. Id. at 2-4.

The general rule as to the plaintiff's choice of forum is that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and prosecute his

4

own suit in his own way to a final determination." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962)). Fraudulent joinder is an exception to this general rule and some courts have found that the joinder of a defendant is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." In re Briscoe, 448 F.3d 201, 210 (3d Cir. 2006) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). However, the Tenth Circuit has not adopted this broader test and, instead, the Tenth Circuit has found fraudulent joinder only when the plaintiff has no basis for recovery against the non-diverse defendant. Dutcher v. Matheson, 733 F.3d 980, 987-88 (10th Cir. 2013); Montano v. Allstate Indemnity, 2000 WL 525592 (10th Cir. Apr. 14, 2000);[1] Smoot, 378 F. 2d at 882. District courts in the Tenth Circuit have declined to find fraudulent joinder based only on the plaintiff's failure to prosecute his claims against a non-diverse party. See Purdy v. Starko, Inc., 2010 WL 3069850 (D. Utah Aug. 4, 2010); City of Neodesha, Kansas v. BP Corporation North America Inc., 355 F. Supp. 2d 1182 (D. Kan. 2005); Fiene v. Standard Ins. Co., 2001 WL 1224144 (D. Kan. Oct. 9, 2001). The Court has reviewed Tenth Circuit cases concerning the standard for establishing fraudulent joinder, and there are no Tenth Circuit cases finding fraudulent joinder based only on the plaintiff's failure to prosecute his claims against a non-diverse defendant. Instead, the focus is clearly on whether a plaintiff may potentially recover against a non-diverse defendant.

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

LM has made no attempt to show that plaintiff has no viable claims against Deering or Hughes but, instead, LM argues has plaintiff has no intention of recovering from Deering or Hughes in this litigation. There does not appear to be any dispute that plaintiff has asserted potentially viable claims against Deering and Hughes. Plaintiff alleges that he was involved in an automobile accident and that Deering was at fault. Dkt. # 2, at 16. He further alleges that Hughes owned the vehicle that Deering was driving and that Hughes negligently entrusted the vehicle to Deering. Id. Plaintiff alleges that he was injured as a result of the accident and he seeks in excess of $75,000 from Deering and Hughes. Id. at 16-17. While these are not detailed factual allegations, this is a relatively straightforward case as to Deering and plaintiff has alleged an automobile negligence claim against him. As to Hughes, the Oklahoma Supreme Court has expressly recognized a claim for negligent entrustment of an automobile. Green v. Harris, 70 P.3d 866, 868-69 (Okla. 2003). Although plaintiff's allegations as to Harris simply recite the elements of a negligent entrustment claim, the allegations are most likely sufficient to allege a negligent entrustment claim under the pleading standard in state court and plaintiff can potentially recover against Hughes.

LM cites Turley v. Stillwell, 2011 WL 1104543 (N.D. Okla. Mar. 22, 2011), for the proposition that a plaintiff's actions showing that he has no intention of recovering against a non-diverse defendant can be used to establish fraudulent joinder. Dkt. # 13, at 6. In Turley, plaintiff Harry Doyle was involved in an automobile accident with a vehicle driven by Julie Stilwell, and Doyle sought uninsured/underinsured motorist benefits from his insurer, United Financial Casualty Company (United). Turley, 2011 WL 1104543 at *1. Doyle filed a lawsuit in state court alleging a negligence claim against Stilwell and breach of contract and bad faith claims against United. Id. Diversity jurisdiction did not exist when the case was filed, because Doyle and Stilwell were not

6

diverse. The parties attended mediation and Doyle agreed to settle his negligence claim against Stilwell. However, plaintiff's counsel refused to accept payment from Stilwell's insurer and he would not dismiss Stilwell as a party, and United filed a motion to dismiss Stilwell due to plaintiff's refusal to accept the settlement funds. Id. The state court denied United's motion to dismiss. Id. United removed the case to federal court and argued that Stilwell was fraudulently joined as a party solely to defeat diversity jurisdiction. Id. at 2. Doyle filed a motion to remand on the ground that the Court lacked diversity jurisdiction and that notice of removal was not timely. Id. The Court found that Doyle had entered a "binding, voluntary agreement that demonstrates an intent to dismiss all claims" as to the non-diverse defendant, and Doyle's actions removed Stilwell as a party for the purpose of diversity jurisdiction. Id. at *6. Doyle's actions after execution of the settlement agreement were irrelevant and the case became removable when the agreement was executed. Id. However, the Court ultimately concluded that United failed to remove the case within 30 days from the date the settlement agreement was executed, and the Court remanded the case on procedural grounds.

This case is distinguishable from Turley because plaintiff has not made any voluntary act showing that he intends to dismiss his claims against Deering and Hughes. In Turley, the plaintiff entered a voluntary and binding settlement agreement with the non-diverse defendant, and this action terminated his right to seek a judgment against the non-diverse defendant. This case involves the inaction of a plaintiff in prosecuting his claims against a non-diverse defendants, rather than an affirmative act by a plaintiff showing that he no longer intends to prosecute his claims. The Court agrees with LM that the inaction of plaintiff strongly supports an inference that plaintiff has joined

7

Deering and Hughes as parties solely for the purpose of defeating diversity jurisdiction.[2] However, plaintiff has not voluntarily abandoned his right to recover from Deering and Hughes and he still has viable claims against them. Under Tenth Circuit precedent, the Court finds that the doctrine of fraudulent joinder does not permit the Court to disregard the citizenship of Deering and Hughes in determining if the Court has subject matter jurisdiction, because plaintiff has alleged viable claims against Deering and Hughes and they have not been dismissed as parties. Even though there is evidence suggesting that plaintiff does not intend to prosecute his claims against Deering and Hughes, the Court finds that this is insufficient by itself to disregard the presence of non-diverse parties. The Court finds that the parties are not completely diverse and this case should be remanded to state court.

Plaintiff also seeks attorney fees under 28 U.S.C. § 1447(c) due to LM's "objectively unreasonable" attempt to remove this case to federal court. The standard for awarding fees under § 1447(c) turns on the "reasonableness" of a defendant's decision to file a notice of removal and, when a defendant has an objectively reasonable basis to seek removal, attorney fees should not be awarded. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Plaintiff argues that the parties were clearly not diverse at the time of removal, and he argues that LM's attempt to remove the case was objectively unreasonable. Although the Court has found that plaintiff's motion to

---

[2] Plaintiff makes no attempt in his motion to remand to show that he has diligently prosecuted his claims against Deering and Hughes, and he argues that defendant has no standing to raise concerns as to how plaintiff proceeds against other parties. LM certainly has standing to raise matters going to the subject matter jurisdiction of the Court, and plaintiff's inaction as to Deering and Hughes would support a finding that plaintiff has intentionally failed to prosecute his claims against Deering and Hughes. While this issue is not dispositive under Tenth Circuit precedent, it is relevant to the fraudulent joinder analysis and these issues were properly raised by LM.

remand should be granted, LM has cited authority showing that some courts have considered a plaintiff's failure to prosecute claims against a non-diverse defendant as a sufficient basis to find fraudulent joinder. The Court has reviewed Tenth Circuit precedent on this issue and has found the Tenth Circuit would likely not apply the doctrine of fraudulent joinder under the circumstances, but defendant's notice of removal cited an objectively reasonable, even if ultimately unsuccessful, basis for removing the case to federal court. Thus, the Court declines to award attorney fees to plaintiff under § 1447(c).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Remand (Dkt. # 7) is **granted**, and the Court Clerk is directed to remand this case to Tulsa County District Court.

**DATED** this 7th day of November, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE